1  STEPTOE & JOHNSON LLP
   STEPHANIE A. SHERIDAN, State Bar No. 135910
2  *ssheridan@steptoe.com*
   ANTHONY J. ANSCOMBE, State Bar No. 135883
3  *aanscombe@steptoe.com*
   MEEGAN B. BROOKS, State Bar No. 298570
4  *mbrooks@steptoe.com*
   One Market Street
5  Steuart Tower, Suite 1800
   San Francisco, CA 94105
6  Telephone: 415.365.6700
   Facsimile: 415.365.6699
7
   Attorneys for Defendant
8  SAMSONITE COMPANY STORES LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE COMPANY STORES, LLC, an Indiana Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. **'19CV0639 JLS  MSB**<br><br>**NOTICE OF REMOVAL**<br><br>[Originally San Diego County Superior Court Case No. 37-2019-00011100-CU-MC-CTL] |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

**PLEASE TAKE NOTICE** that Defendant Samsonite Company Stores LLC ("Samsonite"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California.

I.   **INTRODUCTION**

1.   This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)

("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II.  BACKGROUND

2.  On February 27, 2019, Plaintiff Kristen Schertzer, purportedly on behalf of herself and all others similarly situated, filed a civil action in the San Diego Superior Court entitled *Kristen Schertzer v. Samsonite Company Stores LLC*, San Diego County Superior Court, Case No. 37-2019-00011100-CU-MC-CTL.  (*See* Exhibit A, which includes the summons, Complaint and all of the documents served on Samsonite.)  Samsonite has not been served with any other process or pleading, nor is it aware of the filing of any other process or pleading.

3.  The Complaint, which is styled as a class action, purports to bring claims under California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et seq*.; California's False Advertising Law ("FAL"), Business & Professions Code § 17500, *et seq*.; and the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq*. (Complaint ¶ 9.)  Plaintiff's Complaint arises from a purported transaction at a Samsonite store located in Carlsbad, California, in San Diego County.  *Id*. ¶ 15.

4.  The proposed putative class consists of "[a]ll persons who, within the State of California, during the relevant statutory time period, purchased one or more products at a discount from the advertised "OUR PRICE" price from a Samsonite outlet store and who have not received a refund or credit for their purchase(s)." (Complaint ¶ 37.)

5.  Plaintiff served the Complaint upon Samsonite by personal service on March 5, 2019. *See* Exhibit A, page 1.

6.  Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. Samsonite reserves the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

#### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Complaint ¶ 39.)

9. According to Plaintiff's Complaint, the putative class is "[a]ll persons who, within the State of California, during the [last four years], purchased one or more products at a discount from the advertised 'OUR PRICE' price from a Samsonite outlet store and who have not received a refund or credit for their purchase(s)." (Complaint ¶ 37.)

10. The Complaint clearly pleads that more than 100 individuals from the State of California purchased merchandise from a Samsonite outlet store in California during the putative class period. Samsonite has 14 outlet stores in California. *See* https://shop.samsonite.com/store-locator. Thus, if each store had just two customers a year during the four-year class period, the class size requirement would be satisfied. The size of the putative class thus well exceeds 100 members.

#### B. The Amount in Controversy Exceeds $5 Million

11. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not

waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."). Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000.

12. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id*. § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

13. Plaintiff seeks restitution and disgorgement of "all profits" associated with Samsonite's allegedly unfair business practices during the relevant statutory time period. (Prayer for Relief ¶ b.) Given the number of outlet stores owned by Samsonite, the volume of sales in each store, and the number of potential class members who made purchases at those outlet stores, the amount in controversy exceeds $5,000,000.

14. Additionally, the Complaint states that Plaintiff will move to amend her Complaint to pursue claims for actual, punitive and statutory damages (Complaint ¶ 73), each of which are properly included in the calculation for determining the amount in controversy. The

1  CLRA provides for statutory penalties of not less than $1,000 per violation. Cal. Civ. Code §
2  1780(a)(1).

3      15.    Plaintiff also seeks an award of attorney's fees. (Prayer for Relief ¶ e.) This
4  amount should also be included in connection with the amount in controversy. *See Guglielmino*
5  *v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although Defendant denies
6  Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark
7  rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re*
8  *Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is
9  25% of 10 the common fund). Assuming the amount in controversy is $5,000,000, an award of
10 25% attorneys' fees based upon such amount would be an additional $1,250,000.

11     16.    Plaintiff also seeks injunctive relief. The potential cost of compliance with a
12 request for injunctive relief may be considered when calculating the amount put in controversy
13 under CAFA. *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9
14 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount put in controversy includes
15 defendants' potential cost of compliance with a request for injunctive relief); *see also* James
16 Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in
17 controversy in CAFA cases may be determined on the basis of the aggregate value to either the
18 plaintiff class members or to the defendants"). The costs to comply with an injunction could
19 potentially be significant and Plaintiff's request for injunctive relief further takes the amount in
20 controversy over the statutory threshold. *See* 28 U.S.C. § 1332(d)(2).

21     17.    While Plaintiff's claim for restitution, in itself, puts the amount in controversy
22 above $5,000,000, the actual, punitive and statutory damages; attorney's fees; and injunctive
23 relief requested by Plaintiff make clear that this requirement is satisfied.

24     **C.     Minimum Diversity Exists**

25     18.    The minimal diversity standard of CAFA is met as long as any one defendant is a
26 citizen of a different state than any of the named plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Plaintiff
27 is a resident of California. (Complaint ¶ 15.)

28

19.     For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).  Samsonite is an Indiana limited liability company, with its principal executive offices in Massachusetts.  (Complaint ¶ 18.)  None of the members, which are listed in the declaration of John B. Livingston, are California residents.  Samsonite is therefore not a citizen of California.

20.     Thus, minimal diversity is satisfied because Plaintiff is a citizen of a state (California) different from Samsonite.

### D.     No CAFA Exceptions Apply

21.     The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V.     THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

22.     Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the Superior Court of the State of California for the County of San Diego is located within the Southern District of California.

23.     This Notice of Removal is timely because it was filed within thirty days of March 5, 2019, the date on which Samsonite was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

24.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Samsonite are attached as Exhibit A.

25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the Superior Court for the County of San Diego.  Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

### VI. CONCLUSION

Samsonite respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED: April 3, 2019                    STEPTOE & JOHNSON LLP

By:      */s/ Stephanie A. Sheridan*
       Stephanie A. Sheridan
       Anthony J. Anscombe
       Meegan B. Brooks
       Attorneys for Defendant
       SAMSONITE COMPANY STORES LLC