1   **STEPTOE & JOHNSON LLP**
    STEPHANIE A. SHERIDAN, State Bar No. 135910
2   *ssheridan@steptoe.com*
    ANTHONY J. ANSCOMBE, State Bar No. 135883
3   *aanscombe@steptoe.com*
    MEEGAN B. BROOKS, State Bar No. 298570
4   *mbrooks@steptoe.com*
    One Market Street
5   Steuart Tower, Suite 1800
    San Francisco, CA 94105
6   Telephone: 415.365.6700
    Facsimile: 415.365.6699
7
    Attorneys for Defendant
8   SAMSONITE COMPANY STORES, LLC

9

10                  UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

13  KRISTEN SCHERTZER, on behalf of          Case No. 3:19-cv-00639-JLS-MSB
    herself and all others similarly situated,
14
                                              **MEMORANDUM OF POINTS AND**
15            Plaintiff,                      **AUTHORITIES IN SUPPORT OF**
                                              **MOTION TO DISMISS COMPLAINT**
16       v.
                                              Date:    September 12, 2019
17                                            Time:    1:30 pm
    SAMSONITE COMPANY STORES,                 Judge:   Hon. Janis L. Sammartino
18  LLC, an Indiana Limited Liability         Ctrm:    4D
    Company; and DOES 1-100, inclusive,
19
20            Defendants.
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II. THE COMPLAINT ....................................................................... 1

    A. Plaintiff's Allegations ............................................................ 1

III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE
A CLAIM ..................................................................................... 3

    A. Legal Standard Applicable to Motions Under Rule 12(b)(6) .............. 3

    B. Plaintiff's Claims Fail Because She Did Not Plead Facts
       Demonstrating That Samsonite's Pricing is Inaccurate or Deceptive .. 4

    C. The Complaint Fails to Support Any False Advertising Claim ........... 8

    D. Plaintiff Has Not Alleged Any Unfair Conduct .................................. 9

    E. The Complaint Does Not Allege Facts to Show Violation of Any
       Law, Requiring Dismissal of the "Unlawfulness" Claim .................... 9

    F. The Complaint Fails to Comply With the CLRA ............................... 11

IV. PLAINTIFF IS NOT ENTITLED TO THE RELIEF SHE SEEKS ............. 12

    A. Plaintiff's Claims for Equitable Relief Are Precluded Because She
       Has Not Alleged She Lacks an Adequate Remedy at Law ................ 12

    B. Plaintiff Lacks Standing to Seek Injunctive Relief ........................... 14

V. CONCLUSION ............................................................................. 16

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT          Doc. # DC-13406516 v.1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ackerman v. Nw. Mut. Life Ins. Co.*,
172 F.3d 467 (7th Cir. 1999).................................................................4

*Adams v. I-Flow Corp.*,
No. CV09-09550 R(SSx), 2010 WL 1339948 (C.D. Cal. Mar. 30,
2010)...............................................................................................13

*Ash Grove Cement Co. v. FTC*,
577 F.2d 1368 (9th Cir. 1978)..........................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................3

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007)............................................................14

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001)...........................................................3

*U.S. ex rel. Bogina III v. Medline Indus., Inc.*,
809 F.3d 365 (7th Cir. 2016).............................................................7

*Branca v. Nordstrom, Inc.*,
14CV2062-MMA(JMA), 2015 WL 1841231 (S.D. Cal. Mar. 20,
2015).................................................................................................6

*Car Carriers, Inc. v. Ford Motor Co.*,
745 F.2d 1101 (7th Cir. 1984)..........................................................12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) .......................................................................9

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ........................................................................15

*Comwest, Inc. v. Am. Operator Servs., Inc.*,
765 F. Supp. 1467 (C.D. Cal. 1991) ..................................................4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
Doc. # DC-13406516 v.1

*Copelan v. Infinity Ins. Co.*,
    359 F. Supp. 3d 926 (C.D. Cal. 2019) ................................................................ 13

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ................................................................................ 15

*Durkee v. Ford Motor Co.*,
    No. C 14-0617 PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) .................. 13

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ............................................................................................ 12

*Fernandez v. Atkins Nutritionals, Inc.*,
    No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan.
    3, 2018) ................................................................................................................ 16

*Fonseca v. Goya Foods Inc.*,
    No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sep. 8,
    2016) ............................................................................................................ 12, 14

*Franklin v. Gwinnett Cty. Pub. Sch.*,
    503 U.S. 60 (1992) .............................................................................................. 14

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) .............................................................................. 14

*GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) .................................................................................. 4

*Gomez v. Jelly Belly Candy Co.*,
    No. EDCV 17-00575-CJC(FFM), 2017 WL 8941167 (C.D. Cal.
    Aug. 18, 2017) .................................................................................................... 12

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................................ 7

*Hass v. Citizens of Humanity, LLC*,
    14-CV-1404 JLS, 2016 WL 7097870 (S.D. Cal. Dec. 6, 2016) .......................... 7

*In re iPhone 4s Consumer Litig.*,
    F. App'x 414, 415 (9th Cir. 2016) ........................................................................ 4

*Jacobo v. Ross Stores, Inc.*,
    No. CV-15-04701-MWF-AGR, 2016 WL 3482041 (C.D. Cal. Feb.
    23, 2016) ............................................................................................... 6

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................... 3

*Laster v. T-Mobile USA, Inc.*,
    No. 05-cv-1167, 2009 WL 4842801 (S.D. Cal. Dec. 14, 2009),
    *vacated on other grounds* 466 F. App'x 613 (9th Cir. 2012) ........................... 11

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999) ................................................................. 9

*Luman v. Theismann*,
    647 F. App'x 804 (9th Cir. 2016) ......................................................... 15

*Mahfood v. QVC, Inc.*,
    No. SACV06-0659 AG(ANx), 2007 WL 9363986 (C.D. Cal. Feb.
    7, 2007) ............................................................................................... 6

*Martin v. Cty. of L.A.*,
    51 Cal. App. 4th 688 (1996) ................................................................. 13

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ............................................................................. 13

*Mullins v. Premier Nutrition Corp.*,
    13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ..................... 14

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 ............................................................................ 14

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ............................................................... 4, 7

*Nguyen v. Nissan N. Am., Inc.*,
    No. 16-CV-05591-LHK, 2017 WL 1330602 (N.D. Cal. Apr. 11,
    2017) ................................................................................................... 13

*O'Donnell v. Bank of America Nat. Ass'n.*,
    504 F. App'x 566 (9th Cir. 2013) ......................................................... 10

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT            Doc. # DC-13406516 v.1

*People v. Duz-Mor Diagnostic Lab., Inc.*,
  68 Cal. App. 4th 654 (1998)................................................................9

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013)...........................................................15

*Philips v. Ford Motor Co.*,
  726 F. App'x 608 (9th Cir. 2018) ................................................12, 13

*Prudential Home Mortg. Co. v. Superior Court*,
  66 Cal. App. 4th 1236 (1998) ............................................................13

*Rael v. Dooney & Bourke, Inc.*,
  No. 16-CV-0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. July 22,
  2016) .................................................................................................2, 5

*Rael v. New York & Co., Inc.*,
  No. 16-cv-369-BAS(JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28,
  2016).................................................................................................5, 15

*Rahman v. Mott's LLP*,
  No. 13-CV-03482-SI, 2018 WL 4585024 (N.D. Cal. Sept. 25,
  2018)....................................................................................................16

*Saulic v. Symantec Corp.*,
  596 F. Supp. 2d 1323 (C.D. Cal. 2009) ...............................................7

*Schroeder v. United States*,
  569 F.3d 956 (9th Cir. 2009)...............................................................13

*Sciacca v. Apple, Inc.*,
  362 F. Supp. 3d 787 (N.D. Cal. 2019) ................................................15

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 917 (2003) ...............................................................9

*Searle v. Wyndham Int'l, Inc.*,
  102 Cal. App. 4th 1327 (2002) ...........................................................10

*SEC v. Todd*,
  642 F.3d 1207 (9th Cir. 2011)...............................................................4

*Seegert v. Luxottica Retail N.A., Inc.*,
   No. 17-CV-1372-JM(BLM), 2018 WL 3472561 (S.D. Cal. July
   19, 2018) .................................................................................................. 6

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection
   HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................................... 11

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) .................................................... 4, 7

*Sperling v. DSW Inc.*,
   EDCV 15-1366, 2016 WL 354319, at *2 n. 3 (C.D. Cal. Jan. 28,
   2016) .................................................................................................... 10

*State Farm Fire & Cas. Co. v. Superior Court*,
   45 Cal. App. 4th 1093 (1996) ............................................................... 9

*State v. Amoco Oil Co.*,
   97 Wis. 2d 226 (1980) ........................................................................ 10

*Summit Tech., Inc. v. High–Line Med. Instruments Co., Inc.*,
   922 F. Supp. 299 (C.D. Cal. 1996) ..................................................... 10

*T. K. v. Adobe Sys. Inc.*,
   17-CV-04595-LHK, 2018 WL 4003313 (N.D. Cal. Aug. 22, 2018) ............... 15

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010)............................................................... 12

**Statutes**

Cal. Bus. & Prof. Code § 17500 ............................................................... 8

Cal. Civ. Code § 1780(d)......................................................................... 11

California's Unfair Competition Law ................................................... 2, 10

Consumer Legal Remedies Act .............................................. 3, 9, 11, 12, 13, 14, 15

FAL: (2) Section 1770 .............................................................................. 9

False Advertising Law..................................................... 3, 8, 9, 11, 13, 14

Federal Trade Commission Act ..................................................................... 9, 10

UCL ........................................................................................... 9, 10, 11, 12, 13

**Other Authorities**

16 C.F.R. § 1.5 ........................................................................................... 10

16 C.F.R. § 1.6 ........................................................................................... 10

29 Fed. Reg. 178 (1964) ............................................................................. 10

*Guides Against Deceptive Pricing* ("Guides") ......................................... 9

Rule 9 ............................................................................................................ 7

Rule 9(b) .......................................................................................... 1, 3, 4, 5, 6

Rule 12(b)(6) ........................................................................................... 3, 11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

Doc. # DC-13406516 v.1

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's Complaint is heavy on theory, but light on facts.  Her *theory* is that Samsonite concocts reference prices displayed in its outlet stores in order to trick consumers into believing they are receiving a deal. While her Complaint repeats this theory many times, it has alleged no *facts* to show that the suitcase she purchased was never actually sold at its full list price.   Rather, Plaintiff's allegations as to her suitcase price rests purely on undisclosed "information and belief."

The fact that Plaintiff's counsel allegedly investigated *other* items does not save Plaintiff's claim.   The Complaint lacks any detail as to that purported "investigation," which may have consisted of no more than visiting two stores on one occasion each.  Plaintiff's conclusory allegations predicated on an undisclosed "investigation" and unspecified "information and belief" do not meet Rule 9(b)'s heightened pleading standard.

Not only does Plaintiff not state a claim, she also lacks standing to seek injunctive relief, because she does not claim to be at risk of any future injury. Plaintiff's claim for injunctive relief—in addition to her claim for restitution— must be dismissed for the additional reason that Plaintiff has not alleged that she lacks an adequate remedy at law, and thus cannot seek equitable relief.

## II.    THE COMPLAINT

### A.    Plaintiff's Allegations

According to the Complaint, Plaintiff purchased an "On Air 3 Hardside Spinner" suitcase from Samsonite's Carlsbad, California outlet store on October 18, 2018.  Complaint ¶ 15.  Plaintiff alleges the suitcase was advertised as 40% off of a $280 "OUR PRICE;" she bought the suitcase for $167.99.  *Id.*

Plaintiff contends that Samsonite never sold the suitcase for the $280 "OUR PRICE," making this reference price deceptive. Complaint ¶ 16.[1] The Complaint repeats this assertion many times, using boilerplate language but providing no facts to substantiate it. For example:

> "The discounts offered by Defendant on its Samsonite merchandise are fake sales - the advertised discounts are not real." *Id*. ¶ 1.

> "The advertised discounts overstated and did not represent a *bona fide* price at which Defendant formerly sold the merchandise and were nothing more than mere phantom markdowns…" *Id*. ¶ 6.

> "Samsonite engages in a scheme to defraud its customers by perpetually discounting its Samsonite merchandise in its retail outlet stores." (*d*. ¶ 21.

Plaintiff bases her claims relating to the On Air 3 suitcase on "information and belief." *See, e.g.* Complaint ¶¶ 16, 22. As to *other, undisclosed, items* (i.e., items she did not buy), Plaintiff purports to base her claims on an "investigation" her lawyer allegedly conducted into dozens of retailers, several months before she even made her purchase. Plaintiff does not offer any details as to what this investigation entailed. As another Court in this district has noted in a similar action brought by the same counsel here, Plaintiff's claim to have investigated Defendant's practices "adds no facts or substance to Plaintiff's complaint but simply restates conclusory statements." *Rael v. Dooney & Bourke, Inc*., No. 16cv0371 JM(DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016).

Plaintiff purports to bring this action on behalf of "All persons who, within the State of California, during the relevant statutory time period, purchased one or more products at a discount from the advertised 'OUR PRICE' price from a

---

[1] Samsonite has provided records to Plaintiff proving this to be wrong as a matter of fact, but she declined to either dismiss this case or amend her Complaint.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT       Doc. # DC-13406516 v.1

Samsonite outlet store and who have not received a refund or credit for their purchase(s)." Complaint ¶ 37. She purports to bring claims pursuant to California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumer Legal Remedies Act ("CLRA").

## III.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A.   Legal Standard Applicable to Motions Under Rule 12(b)(6)

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).

A plaintiff alleging fraudulent conduct must further satisfy Rule 9(b), which requires the plaintiff to plead the circumstances constituting fraud with particularly. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society ***enormous social and economic costs absent some factual basis***.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (emphasis added, internal citations and quotation marks omitted). To satisfy Rule 9(b), it is not enough for the plaintiff to simply claim a representation is false—she must "explain what is false or misleading about the statement made and ***why it is false***."

*In re iPhone 4s Consumer Litig.*, F. App'x 414, 415 (9th Cir. 2016) (quoting *Cafasso ex. rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (emphasis added). That is, a plaintiff must plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made. *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549-53 (9th Cir. 1994), superseded by statute on other grounds as stated in *SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011).

"It is well settled that fraud '[a]llegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (citing *In re Worlds of Wonder Sec. Litig.,* 694 F. Supp. 1427, 1432-33 (N.D. Cal. 1988)); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (same); *Ackerman v. Nw. Mut. Life Ins. Co*., 172 F.3d 467, 469 (7th Cir. 1999) (same).

B.  **Plaintiff's Claims Fail Because She Did Not Plead Facts Demonstrating that Samsonite's Pricing is Inaccurate or Deceptive**

Each of Plaintiff's claims rests on her assertion that Samsonite's advertised discounts are false and misleading, but she has not pled any facts to support these allegations. While Plaintiff assumes the suitcase she bought was never offered for $280, she offers no facts to support her assumption. Her claims as to the On Air 3 Hardside Spinner rest on nothing more than on a single visit to a Samsonite outlet store, where she bought one item offered for a sum less than the "OUR PRICE." But purchasing an item at a discount does not support an inference of false advertising.

The Ninth Circuit has explained a plaintiff cannot satisfy Rule 9(b)'s heightened pleading standards by simply pointing to a reference price and claiming it is false. *Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

2017) (affirming dismissal of complaint alleging defendant's "Compare At" prices are deceptive).  Instead, the plaintiff must "allege sufficient facts to show with particularity how [and] why . . . the [reference] price was false or deceptive." *Id.* In *Sperling*, the plaintiff claimed to have conducted an investigation into the defendant's pricing practices, alleged "that she found [the shoes she purchased] elsewhere" for less than the reference price she allegedly relied on, and even cited specific prices charged by other retailers for that item.  *Id.* She cited the investigation in support of her claim that the defendant's "Compare At" prices were inflated; notably absent from the complaint were any details of the investigation, including any indication that the investigation took place near the time of the plaintiff's purchase. In affirming the lower court's dismissal, the Ninth Circuit held the plaintiff's factual allegations were deficient under Rule 9(b), because the plaintiff did not allege sufficient facts concerning her counsel's purported investigation.  *Id.*

District courts, too, have repeatedly granted motions to dismiss pricing claims where the plaintiff failed to allege any facts demonstrating the falsity of the retailer's reference pricing. Examples abound, including in several nearly identical cases filed by Plaintiff's counsel here:

- *Rael v. Dooney & Bourke, Inc.*, 16CV0371 JM(DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (plaintiff's counsel's claim to have investigated defendant's practices "***adds no facts or substance*** to Plaintiff's complaint but simply restates conclusory statements. Moreover, even assuming Mr. Carpenter's submission is competent and relevant, Mr. Carpenter ***does not in any way specify the details of his investigation***.") (emphasis added);

- *Rael v. New York & Co., Inc.*, No. 16-cv-369-BAS(JMA), 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016) ("Even if the Court takes into account the new facts presented by Mr. Carpenter, his declaration

*does not specify a single detail of his alleged investigation*. The declaration is simply a restatement of the conclusory allegations that Plaintiff states in her SAC.") (emphasis added);

- *Seegert v. Luxottica Retail N.A., Inc.*, 17CV1372 JM(BLM), 2018 WL 3472561, at *3 (S.D. Cal. July 19, 2018) ("*The so-called particular facts supporting this allegation are simply conclusions based upon an investigation by Plaintiff's counsel* that 'confirmed' and 'concluded' that 'the prescription lenses were priced with false discounts from illusory 'regular' or reference prices,' and never sold at the original price, with or without the purchase of eyeglass frames. … These conclusory allegations are insufficient to state a claim under Rule 9(b), particularly in light of the apparently inadequate pre-complaint investigation.") (emphasis added);

- *Mahfood v. QVC, Inc.*, No. SACV06-0659 AG(ANx), 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007) ("[Plaintiff's] allegations do not state with specificity any facts relating to the alleged misrepresentation of the actual retail market prices of the items … Without more, Plaintiff's allegations that Defendant has made 'intentional misrepresentations' and 'failed to adequately disclose in a conspicuous manner material facts' relating to its pricing fail to state a claim under the heightened pleading standard of Rule 9(b).");

- *Branca v. Nordstrom, Inc.*, 14CV2062-MMA(JMA), 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015) ("[Plaintiff] merely alleges that the 'Compare At' prices 'are fictional amounts intentionally selected so that Nordstrom could advertise phantom markdowns'"… these conclusory allegations are insufficient under Rule 9(b));

- *Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016) ("It is insufficient under

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

Doc. # DC-13406516 v.1

Rule 9(b) to simply assert on 'information and belief' that 'the prevailing retail prices for the items [Plaintiffs purchased] were materially lower than the 'Compare At' prices advertised by Defendant.") (emphasis added).

Here, Plaintiff's allegations as to the On Air 3 suitcase she purchased are based entirely on "information and belief." She does not claim to have investigated the suitcase's pricing, nor does she identify a single other day that it was offered for sale at a discount before her purchase. Plaintiff's conclusory allegations are insufficient under the well-established law that "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also U.S. ex rel. Bogina III v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) ("'[O]n information and belief' can mean as little as 'rumor has it that....'"); *Hass v. Citizens of Humanity, LLC*, 14-CV-1404 JLS (WVG), 2016 WL 7097870, at *4 (S.D. Cal. Dec. 6, 2016) (same). Plaintiff's failure to offer factual support as to her own purchase dooms her case in its entirety. *Sperling,* 699 F. App'x 654; *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017) ("Plaintiff must satisfy [Rule 9] standard for *each* product … that Plaintiff alleges contains false or misleading statements.").

In any event, Plaintiff's sweeping claims about Samsonite's practices more generally also fail. Plaintiff does not offer any facts concerning her counsel's alleged "investigation" to support her claim that Samsonite's outlet pricing is false, other than the fact the investigation included visiting two Samsonite outlet stores at some point in the Summer of 2018.[2] Complaint ¶ 29. This is an

---

[2] Plaintiff also claims to have investigated Samsonite "throughout the 90-day period immediately *preceding* Plaintiff's purchase." Complaint ¶ 26. This allegation strongly suggests that Plaintiff was suspicious of the pricing, and rather than being duped into buying her suitcase, she intentionally purchased it because

Case No. 3:19-cv-00639-JLS-MSB

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Doc. # DC-13406516 v.1

insufficient factual basis to support Plaintiff's conclusory allegations. Numerous crucial details are lacking:

- How many times, and on what dates, did the investigator visit each store before concluding the stores were always on sale?

- Which items did counsel investigate? Did he track the prices of the same items across visits, or did he conclude that because some items were on sale (or at least, on sale during a single visit), every item must always be on sale?

- Plaintiff does not allege she or her lawyer ever entered one of Samsonite's full-priced stores or visited its website. Did either one of them make any effort to see if items sold in the outlet were previously offered in department stores, or Samsonite's mainline stores, or even online for the "OUR PRICE"?

Without such details, Plaintiff's counsel's alleged investigation cannot support an inference that discounts from the outlet's "OUR PRICE" represent false savings.

### C. The Complaint Fails to Support Any False Advertising Claim

In addition to pleading that a defendant actually made an untrue or misleading statement (which she has not done), a plaintiff pursuing a claim under the FAL must sufficiently plead the defendant made statements that were "known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. Because Plaintiff fails to allege facts supporting her claim that Samsonite's pricing is deceptive, there is no basis to infer Samsonite had knowledge of any false statement allegedly made to

_____

she wanted to bring a lawsuit. *See, e.g., Saulic v. Symantec Corp.*, 596 F. Supp. 2d 1323, 1329 (C.D. Cal. 2009) ("A person cannot establish injury and standing by spending money solely to pursue litigation.").

Plaintiff.

### D.    Plaintiff Has Not Alleged Any Unfair Conduct

The Complaint fails to allege any violation of the UCL's "unfairness" prong, regardless of which standard this Court applies. The Complaint does not identify any activity that "significantly threatens or harms competition" or that violates a legislatively declared policy. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Similarly, a balancing of Samsonite's alleged conduct here (lawfully advertising and selling a product on sale) against the "gravity of the harm to the alleged victim" (Plaintiff's desire to sue based on her belief she was swindled), results in the balance tipping strongly against Plaintiff. *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103–04 (1996). Finally, Plaintiff has not alleged any conduct by Samsonite that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003) (quoting *People v. Casa Blanca Convalescent Homes, Inc.,* 159 Cal. App. 3d 509, 530 (1984)).

### E.    The Complaint Does Not Allege Facts to Show Violation of Any Law, Requiring Dismissal of the "Unlawfulness" Claim

To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See Lazar v. Hertz Corp*., 69 Cal. App. 4th 1494, 1505 (1999); *People v. Duz-Mor Diagnostic Lab., Inc*., 68 Cal. App. 4th 654, 673 (1998) ("[T]he Act requires a violation of law, and … a defense to the underlying offense is a defense under the Act").

Plaintiff purports to base her "unlawfulness" claim on: (1) Section 17501 of the FAL: (2) Section 1770 of the CLRA; and (3) certain portions of the Federal Trade Commission's (FTC) *Guides Against Deceptive Pricing* ("Guides"), which Plaintiff describes as being part of the Federal Trade Commission Act (FTCA).

Plaintiff's FAL and CLRA claims fail for the reasons set forth above.

As to the FTCA, Plaintiff may not "use California law to engineer" a cause of action under the UCL's "unlawfulness" prong. *See O'Donnell v. Bank of America Nat. Ass'n.*, 504 F. App'x 566, 568 (9th Cir. 2013) ("The district court rightly dismissed the unfair competition claim premised on Bank of America's alleged violation of the Federal Trade Commission Act. The federal statute doesn't create a private right action, and plaintiffs cannot use California law to engineer one."); *Sperling v. DSW Inc.*, EDCV 15-1366, 2016 WL 354319, at *2 n. 3 (C.D. Cal. Jan. 28, 2016) ("Plaintiff cannot assert a cause of action for this violation through his claims under the California Unfair Competition Law."). *Cf. Summit Tech., Inc. v. High–Line Med. Instruments Co*., *Inc.*, 922 F. Supp. 299, 316 (C.D. Cal. 1996). Regardless, Plaintiff cannot state a claim based on alleged FTCA violation because she has not alleged any deceptive conduct.

Plaintiff also quotes extensively from the FTC's Guides, which she claims are part of the FTCA. Complaint ¶ 11. They are not. They are not even laws. As their name itself implies, they are regulatory "guides"—"*administrative interpretations of laws* administered by the Commission for the **guidance** of the public in conducting its affairs in conformity with legal requirements." 16 C.F.R. § 1.5 (emphases added); *see also Ash Grove Cement Co. v. FTC,* 577 F.2d 1368, 1374 (9th Cir. 1978) ("industry guide[s]" are "not binding on any party"); *State v. Amoco Oil Co.*, 97 Wis. 2d 226, 242 (1980) ("unlike substantive rules, [the FTC Guides] do not have the force and effect of law; the Guides are not the equivalent of the statute"). Indeed, when the FTC first published the Guides in 1964, it clearly explained they are "to be considered as guides and not as fixed rules of 'do's' and 'don'ts'." 29 Fed. Reg. 178 (1964).

To state a UCL "unlawful" prong claim, Plaintiff must allege some violation of "*law*." *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1333-1334 (2002). At least one federal court in California held that the FTC Guides "cannot

be 'borrowed' under the UCL" and used as a predicate for the unlawful prong. *See Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167, 2009 WL 4842801, at *5, fn.1 (S.D. Cal. Dec. 14, 2009), *vacated on other grounds* 466 F. App'x 613 (9th Cir. 2012) (rejecting plaintiffs' attempt to "base their 'unlawful' UCL claim on an alleged violation of the FTC's Guide Concerning Use of the Word 'Free' and Similar Representations"). Here, too, Plaintiff should not be permitted to convert the FTC Guides, which are not subject to any formal, notice-and-comment rulemaking process, into laws simply by tacking them onto a UCL claim. *See* 16 C.F.R. § 1.6.

Regardless, Plaintiff does not allege any facts to suggest that Samsonite's practices do not comport with the Guides. As discussed above, Plaintiff fails to allege any facts to support her claim that the price on her suitcase was not a price at which the suitcase was previously offered to the public for a reasonable period of time. *See* Complaint ¶ 55 (quoting 16 C.F.R. § 322.1).

## F.    <u>The Complaint Fails to Comply With the CLRA</u>

Plaintiff's CLRA claim is barred because Plaintiff has failed to satisfy the affidavit requirement imposed by Section 1780(d), which states:

> In any action [under the CLRA], concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in a county described in this section as a proper place for the trial of the action. If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon the motion of any party, dismiss the action without prejudice.

Cal. Civ. Code § 1780(d); *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig*., 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010). The law is clear that "the plaintiff" (not her lawyer or anyone else) must submit an affidavit. Plaintiff's counsel cannot testify under oath on Plaintiff's behalf that venue in the County of San Diego was proper.

# IV. **PLAINTIFF IS NOT ENTITLED TO THE RELIEF SHE SEEKS**

Where a cause of action allows for multiple forms of relief, and one such form of relief is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (dismissal is appropriate where the complaint lacks a "viable legal theory.").

Plaintiff seeks restitution and injunctive relief under the UCL and FAL, and injunctive relief under the CLRA, and plans to amend her Complaint to seek CLRA damages. Plaintiff's claim for equitable relief must be dismissed.

## A. **Plaintiff's Claims for Equitable Relief Are Precluded Because She Has Not Alleged She Lacks an Adequate Remedy at Law**

Plaintiff's claims for injunctive relief and restitution must be dismissed, because Plaintiff has made clear she plans to pursue "actual, punitive, and statutory damages" under the CLRA. *See* Complaint ¶ 73. Plaintiff's statements concerning her intent to pursue CLRA damages prevents her from establishing there is no adequate remedy at law available to her.[3]

"A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Gomez v. Jelly Belly Candy Co.,* No. EDCV 17-00575-CJC(FFM), 2017 WL 8941167 *1–2 (C.D. Cal. Aug. 18, 2017) (citing *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015)); *see also Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018). This requirement follows from the well-established principle

---

[3] In seeking redress for a wrong, a litigant may obtain equitable or legal remedies. The "traditional" equitable remedy is an injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006); *see also Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sep. 8, 2016). The "traditional" legal remedy is monetary damages. *Fonseca*, 2016 WL 4698942 at *7 (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1974)).

that "equitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *see also Prudential Home Mortg. Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1249 (1998) (same); *Martin v. Cty. of L.A.*, 51 Cal. App. 4th 688, 696 (1996); *Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 381 (1992) ("It is a 'basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'") (quoting *O'Shea v. Littleton,* 414 U.S. 488, 499 (1974); *Younger v. Harris,* 401 U.S. 37, 43-44 (1971)).

The California Court of Appeal has made clear the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy." *Prudential Home Mortgage*, 66 Cal. App. 4th at 1249. For this reason, the Ninth Circuit last year upheld a lower court decision dismissing UCL claims at the pleadings stage, explaining "Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief." *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018). Additionally, numerous district courts have dismissed, at the pleading stage, claims for restitution and injunctive relief under the UCL (in addition to the FAL and CLRA) where the plaintiff is seeking, or could seek damages. *See, e.g. Copelan v. Infinity Ins. Co.*, 359 F. Supp. 3d 926, 930 (C.D. Cal. 2019) (citing *Philips, Gomez, Prudential Home Mortgage*).[4]

---

[4] *See also, e.g., Nguyen v. Nissan N. Am., Inc*., No. 16-CV-05591-LHK, 2017 WL 1330602, at *3-*6 (N.D. Cal. Apr. 11, 2017) (dismissing UCL and unjust enrichment claims and CLRA injunctive relief claims because "Plaintiff has an adequate remedy at law in the form of Plaintiff's claims for damages [including CLRA damages]") (internal quotations omitted); *Adams v. I-Flow Corp*., No. CV09-09550 R(SSx), 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Injunctive relief under the [UCL] . . . is available only to plaintiffs who can establish that they have no adequate remedy at law for damages available to them."); *Durkee v. Ford Motor Co*., No. C 14-0617 PJH, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (dismissing UCL claim and CLRA claim for injunctive

As in *Philips* and these other cases, Plaintiff here does not contend she lacks an adequate remedy at law. To the contrary, Plaintiff has made clear she plans to pursue damages under the CLRA for the **exact same conduct** that forms the basis of her equitable relief claims. Plaintiff's forthcoming claim for CLRA damages thus precludes her from seeking restitution or injunctive relief under the UCL, FAL, or CLRA.

The fact Plaintiff is not yet pursuing damages does not change the analysis. "In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit." *Mullins v. Premier Nutrition Corp.*, 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018) (citing, *inter alia*, *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087 (9th Cir. 2003) (explaining that whether a plaintiff chose to pursue potential legal remedies against any number of parties did not alter the availability of the remedies at law)).

## B.  Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff's lack of standing is a separate reason her claim for injunctive relief should be dismissed. *See Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992) ("it is axiomatic that a court should determine the adequacy of a remedy in law **before** resorting to equitable relief.") (emphasis added).[5]

To maintain standing to seek injunctive relief, a plaintiff herself must demonstrate "a real and immediate threat of repeated injury." *Bates v. United*

---

relief where adequate remedy existed).

[5] *See also Fonseca*, 2016 WL 4698942, at *7 (holding that it "need not address" the question of whether the plaintiff would buy the product at issue in the future, because "Plaintiff has an adequate remedy at law, and thus can not seek an injunction at all.") (citing *Franklin*, 503 U.S. at 75-76; *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996)); *Munning v. Gap, Inc.,* 238 F. Supp. 3d 1195, 1203 (finding that the adequate remedy inquiry mooted the question of plaintiff's standing to seek injunctive relief).

*Parcel Serv., Inc*., 511 F.3d 974, 985 (9th Cir. 2007); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006). Additionally, for Article III standing, the "threatened injury must be certainly impending to constitute injury in fact" and "[a]llegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted).

The Ninth Circuit has repeatedly found a plaintiff lacks standing to seek injunctive relief in a false advertising case if she is not at risk of being injured by the advertisement in the future. *Luman v. Theismann*, 647 F. App'x 804, 806-07 (9th Cir. 2016) (affirming dismissal of CLRA and FAL claims because plaintiff did not allege that he would be injured by the allegedly deceptive advertisement in the future); *Perez v. Nidek Co*., 711 F.3d 1109, 1114 (9th Cir. 2013) (affirming dismissal of CLRA claim when there was no allegation that plaintiff intended further use of service at issue); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 971 (9th Cir. 2018) (finding that plaintiff had standing to seek injunctive relief because "she faces an imminent or actual threat of future harm due to [defendant's] false advertising.").

Here, Plaintiff does not allege any intent to shop at Samsonite outlet stores in the future. *See Rael v. N.Y. & Co.*, No. 16-cv-369-BAS(JMA), 2016 WL 7655247, at *3-4 (S.D. Cal. Dec. 28, 2016) (plaintiff lacked standing to seek injunctive relief because she did not allege an intent to shop at defendant's stores in the future); *see also Luman*, 647 F. App'x at 806-07. Her vague allegation that she "may in the future shop at Defendant's Samsonite outlet store" is insufficient. See *Clapper*, 568 U.S. at 409 ("'[a]llegations of possible future injury' are not sufficient.")(citation omitted); *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019) ("Plaintiff merely *theorizes* that he *might* repair the Watch in the future"); *T. K. v. Adobe Sys. Inc.*, 17-CV-04595-LHK, 2018 WL 4003313, at *4 (N.D. Cal. Aug. 22, 2018).

Further, Plaintiff claims that "[h]ad she known the 'OUR PRICE' price was fictitious and that Defendant never sold the Suitcase at that price, she would not have purchased the suitcase." Complaint ¶ 17. Now that she purports to know the truth about Samsonite's pricing, she apparently will not buy items such as a suitcase from Samsonite outlets in the future, and is thus not at risk of being injured by the outlet pricing. See *Rahman v. Mott's LLP*, 13-CV-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) ("he is now aware that such a belief was unfounded … [so] there is no future risk that plaintiff will be misled by the 'No Sugar Added' label."); *Fernandez v. Atkins Nutritionals, Inc.,* No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018).

## V. CONCLUSION

For the foregoing reasons, Samsonite respectfully requests that the Court grant its motion to dismiss, without leave to amend.


DATED:  June 10, 2019            STEPTOE & JOHNSON LLP

                                 By:     /s/ *Stephanie Sheridan*
                                      STEPHANIE A. SHERIDAN
                                      ANTHONY J. ANSCOMBE
                                      MEEGAN B. BROOKS
                                      Attorneys for Defendant
                                      SAMSONITE COMPANY STORES LLC