**STEPTOE & JOHNSON LLP**
STEPHANIE A. SHERIDAN, State Bar No. 135910
*ssheridan@steptoe.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*aanscombe@steptoe.com*
MEEGAN B. BROOKS, State Bar No. 298570
*mbrooks@steptoe.com*
One Market Street
Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone: 415.365.6700
Facsimile: 415.365.6699

Attorneys for Defendant
SAMSONITE COMPANY STORES, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE COMPANY STORES, LLC, an Indiana Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00639-JLS-MSB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: September 12, 2019<br>Time: 1:30 pm<br>Judge: Hon. Janis L. Sammartino<br>Ctrm: 4D |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF FAILS TO STATE A CLAIM | 1 |
| | A. Plaintiff's Claim Fails Under Rule 9(b) | 1 |
| | B. The Cases Cited by Plaintiff are Distinguishable | 3 |
| III. | Additional Reasons This Court Should Dismiss Plaintiff's Complaint | 6 |
| | A. Plaintiff Fails to State a False Advertising Claim | 6 |
| | B. Plaintiff Fails to State a Claim Under the CLRA | 6 |
| | C. Plaintiff Fails to State a Claim for Unlawfulness or Unfairness | 6 |
| IV. | PLAINTIFF IS NOT ENTITLED TO THE RELIEF SHE SEEKS | 7 |
| | A. Plaintiff Has an Adequate Remedy at Law | 7 |
| | B. Plaintiff Lacks Standing to Pursue Injunctive Relief | 9 |
| V. | CONCLUSION | 10 |

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackerman v. N.W. Mut. Life Ins.*,
   172 F.3d 467 (7th Cir. 1999) ................................................................................ 1

*Adams v. I-Flow Corp.*,
   2010 WL 1339948 (C.D. Cal. Mar. 30, 2010) ...................................................... 8

*Azimpour v. Sears*,
   No. 15-CV-2798 JLS, 2017 WL 1496255 (S.D. Cal. Apr. 26, 2017)
   (*Azimpour II*) ...................................................................................................... 4

*Branca v. Nordstrom, Inc.*,
   14-CV-2062-MMA, 2015 WL 1841231(S.D. Cal. Mar. 20, 2015)
   (*Branca I*) ....................................................................................................... 2, 5

*Branca v. Nordstrom, Inc.*,
   2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) (*Branca II*) ................................... 4

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
   761 F.3d 732 (7th Cir. 2014) ............................................................................ 2, 3

*Chester v. TJX Companies, Inc.*,
   2016 WL 4414768 (C.D. Cal. Aug. 18, 2016) ..................................................... 5

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal.App.4th 824 (2006) ................................................................................. 7

*Davidson v. Kimberly-Clark Corporation*,
   873 F. 3d 1103 (9th Cir. 2017) ....................................................................... 9, 10

*Dennis v. Ralph Lauren Corp.*,
   No. 16-cv-1056-WQH-BGS, 2017 WL 3732103 (S.D. Cal. Aug. 29, 2017)
   (*Dennis II*) .......................................................................................................... 4

*Gardner v. Safeco Ins. Co. of Am.*,
   No. 14-cv-2024-JCS, 2014 WL 2568895 (N.D. Cal. June 6, 2014) .................... 8

*In re GlenFed, Inc. Sec. Litig.*,
   42 F.3d 1541 (9th Cir. 1994) ....................................................................... 1, 2, 3

*Gomez v. Jelly Belly Candy Co.*,
  17-cv-00575-CJC, 2017 WL 8941167 (C.D. Cal. Aug. 18, 2017) ...................... 7

*Jacobo v. Ross Stores, Inc.*,
  CV-15-04701-MWF-AGR, 2016 WL 3483206 (C.D. Cal. June 17,
  2016) (*Jacobo II*) ................................................................................................ 4

*Kowalsky v. Hewlett-Packard Co.*,
  771 F. Supp. 2d 1156 (N.D. Cal. 2011) ................................................................ 6

*Laster v. T-Mobile USA, Inc.*,
  No. 05-cv-1167, 2009 WL 4842801 (S.D.Cal. Dec. 14, 2009),
  *vacated on other grounds* 466 F. App'x 613 (9th Cir. 2012) .............................. 6

*Mahfood v. QVC, Inc.*,
  06-cv-0659-AG, 2007 WL 9363986 (C.D. Cal. Feb. 7, 2007) ........................... 2

*Mehta v. Wells Fargo Bank, N.A.*,
  737 F. Supp. 2d 1185 (S.D. Cal. 2010) ................................................................ 6

*Munning v. The Gap, Inc.*,
  2017 WL 2377867 (N.D. Cal. June 1, 2017) ....................................................... 9

*Nguyen v. Nissan N. Am., Inc.*,
  2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) ..................................................... 7

*Nunez v. Saks, Inc.*,
  771 F. App'x 401 (9th Cir. 2019) .................................................................... 2, 3

*Peacock v. 21st Amendment Brewery Cafe, LLC*,
  2018 WL 452153 (N.D. Cal. Jan. 17, 2018) ...................................................... 10

*Prudential Home Mortg. v. Super. Ct. of Orange Cty.*,
  66 Cal. App. 4th 1236 (1998) ............................................................................... 7

*Rael v. Dooney & Bourke, Inc.*,
  2016 WL 3952219 (S.D. Cal. July 22, 2016) ....................................................... 2

*Rael v. New York & Co., Inc.*,
  16-cv-369-BAS, 2016 WL 7655247 (S.D. Cal. Dec. 28, 2016)
  (*Rael I*) ........................................................................................................ 2, 5, 6

*Rael v. New York & Co., Inc.*,
  2017 WL 3021019 (S.D. Cal. July 17, 2017) (*Rael II*) ....................................... 4

*Rhynes v. Stryker Corp.*,
 2011 WL 2149095 (N.D. Cal. May 31, 2011) ................................................... 8

*Rubenstein v. Neiman Marcus Grp. LLC*,
 687 F. App'x 564 (9th Cir. 2017) ........................................................... 2, 3, 7

*Schroeder v. United States*,
 569 F.3d 956 (9th Cir. 2009) ................................................................. 8

*Seegert v. Luxottica Retail*,
 17-CV-1372-JM, 2018 WL 3472561 (S.D. Cal. July 19, 2018) ......................... 2

*Sperling v. DSW*,
 699 F. App'x 654 (9th Cir. 2017) ............................................................ 2, 3

*In re Syntex Corp.*,
 95 F.3d 922 (9th Cir. 1996) .................................................................. 2

*In re Worlds of Wonder*,
 694 F. Supp. 1427 (N.D. Cal. 1988) ....................................................... 3

*Yourish v. California Amplifier*,
 191 F.3d 983 (9th Cir. 1999) ............................................................. 1, 3

**Statutes**

Cal. Civ. Code § 1780(d) ........................................................................ 6

Cal. Bus. & Profs. Code §17500 ............................................................. 6

## I. INTRODUCTION

Plaintiff's Opposition attempts to pass off conclusory allegations based "on information and belief" as indisputable facts. No amount of argument or obfuscation can hide that the Complaint does not identify a *single fact* to support her theory that Samsonite's reference prices are fictitious. Plaintiff's Complaint should be dismissed in its entirety.

## II. PLAINTIFF FAILS TO STATE A CLAIM

### A. Plaintiff's Claim Fails Under Rule 9(b)

Plaintiff's Complaint rests on her theory that Samsonite purportedly offers perpetual sales on items in its outlet stores, and never offers the items at their advertised reference prices. But despite acknowledging that Rule 9(b) requires her to allege "with particularity the circumstances constituting fraud or mistake," she claims that her allegations are "more than enough to put Defendant on notice of the alleged misconduct." Opp. at 4-5. "Notice" is not the standard. *Yourish v. California Amplifier*, 191 F.3d 983, 994 (9th Cir. 1999) (such a standard "would furnish the defendant[] with notice, [but] would collapse Rule 9(b) into Rule 8(a)"); *Ackerman v. N.W. Mut. Life Ins.*, 172 F.3d 467, 469 (7th Cir. 1999) ("The purpose of requiring that fraud be pleaded with particularity is not … to give the defendant in such a case enough information to prepare his defense.… [but instead] to force the plaintiff to do more than the usual investigation before filing...").

The Ninth Circuit has "consistently required" that, to satisfy Rule 9(b), "circumstances indicating falseness [must] be set forth." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (citing, *inter alia*, *Moore v. Kayport Package Exp.*, 885 F.2d 531, 540 (9th Cir. 1989); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (it is insufficient under Rule 9 to "set forth conclusory allegations of fraud ... punctuated by a handful of neutral facts")). The *GlenFed* court specifically rejected Plaintiff's argument here that Rule 9(b) requires only

that the complaint include "facts necessary to identify the transaction," and a bare allegation that the conduct was fraudulent. 42 F.3d at 1547. Instead, a plaintiff must plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made. *Id*. at 1549-53 (explaining "why" a statement was false requires that the plaintiffs "demonstrate the falseness of the charged statements"); *In re Syntex Corp.*, 95 F.3d 922, 930 (9th Cir. 1996).

Applying this reasoning, the Ninth Circuit and numerous California district courts have dismissed false reference pricing complaints for failure to meet Rule 9(b). *See* Motion at 4-7. Plaintiff's Opposition simply ignores *Rael v. Dooney & Bourke, Inc*., 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016); *Rael v. New York & Co., Inc*., 16-cv-369-BAS, 2016 WL 7655247, at *7 (S.D. Cal. Dec. 28, 2016) (*Rael I*); *Seegert v. Luxottica Retail,* 17-CV-1372-JM, 2018 WL 3472561, at *3 (S.D. Cal. July 19, 2018); *Mahfood v. QVC, Inc.*, 06-cv-0659-AG, 2007 WL 9363986, at *4 (C.D. Cal. Feb. 7, 2007); and *Branca v. Nordstrom, Inc*., 14-CV-2062-MMA, 2015 WL 1841231, at *6 (S.D. Cal. Mar. 20, 2015) (*Branca I*).

Plaintiff attempts to distinguish her Complaint from the factually deficient complaint at issue in *Sperling v. DSW*, 699 F. App'x 654, 655 (9th Cir. 2017), based on the claim that this case involves allegations of "former pricing" rather than "Compare At" pricing. This is a distinction without a difference.[1] The fact that Plaintiff has alleged one theory of deception instead of another does not change her burden under Rule 9(b) to plead facts to support her claim. *Id.* at *6. The same result in *Sperling* should follow here.

In *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 738 (7th Cir. 2014), the Seventh Circuit applied the same heightened standard to "perpetual sales" claims similar to Plaintiff's here. The *Camasta* complaint, pleading at a

---

[1] The claims in *Sperling*—that the "Defendants used a deceptive comparative reference price…"—are similar to those in *Rubenstein v. Neiman Marcus*, *Nunez v. Saks,* and other cases on which Plaintiff relies. *See also* Section II(B).

level of detail absent here, included a "list … of apparent sales conducted by JAB between August 2010 and August 2012 to … support[] an inference that JAB participates in the 'pattern and practice of advertising' sale prices that are simply regular prices since the merchandise is always 'on sale.'" *Id*. The court nevertheless found that the plaintiff's investigation was insufficient to support his claims because it did "not show a constant or perpetual sale of any particular merchandise." *Id*.

This Court need not and should not trust Plaintiff's say-so that her counsel's investigation supports her conclusory allegations. "Plaintiff[] [was] obligated to allege [her] claims with sufficient detail to demonstrate that [her] complaint is grounded in fact," and she has failed to do so. *In re Worlds of Wonder*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1988).

Plaintiff counters that she is not required to provide further details because facts relating to Samsonite's pricing policies and practices are in Samsonite's exclusive control. Opp. at 5-6. Not so. Prices and promotions are public information. Furthermore, the Ninth Circuit has made clear that a plaintiff cannot state a claim by pointing to a representation, claiming the representation is untrue, and that the true facts are exclusively within the defendant's knowledge -this would effectively eliminate Rule 9(b)'s falsity requirement. *Yourish,* 191 F.3d at 994-95.

### B. The Cases Cited by Plaintiff are Distinguishable

In support of her claim to have satisfied Rule 9(b), Plaintiff relies heavily on *Rubenstein v. Neiman Marcus Grp. LLC,* 687 F. App'x 564 (9th Cir. 2017) and *Nunez v. Saks, Inc*., 771 F. App'x 401 (9th Cir. 2019), but these decisions run contrary to the long line of cases in the Ninth Circuit, and elsewhere, that have "consistently required that circumstances indicating falseness be set forth." *GlenFed,* 42 F.3d at 1548. Samsonite requests that the Court instead follow *Sperling* and *Camasta*, which comport with *GlenFed* and its progeny.

The district court decisions cited by Plaintiff are readily distinguishable, as they all involve facts not present in Plaintiff's complaint here:

In *Rael II*, *Azimpour II*, and *Dennis II*, the complaints included charts purporting to track the pricing for dozens of items sold over the course of 90+ days.[2] Here, the Complaint describes no such investigation. Instead, the Complaint alleges on "information and belief" that the suitcase purchased by Plaintiff was never offered for the listed reference price 90 days preceding her purchase. (Compl. ¶¶ 16, 22.) While Plaintiff's counsel claims to have investigated Samsonite's discounting practices, the Complaint merely alleges that counsel has "catalogued the pricing practices of Samsonite outlet stores in San Diego county" without specifically identifying which items were tracked (including whether Plaintiff's suitcase was even tracked) or how long they were tracked. *Id.* at ¶¶ 26-29. *See also* Motion at 8 (listing other deficiencies).

In *Jacobo II*, the complaint dedicated several pages to describing the items investigated, comparable items being sold by retailers, and pricing information for those items; the court found that these allegations, none of which are present here, were sufficient to state a claim. *Jacobo v. Ross Stores, Inc.*, CV-15-04701-MWF-AGR, 2016 WL 3483206, at *2 (C.D. Cal. June 17, 2016) (*Jacobo II*). Plaintiff here, by contrast, does not describe the items investigated or how her counsel decided their reference prices were inaccurate. And in *Branca v. Nordstrom, Inc.*, 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) (*Branca II*), the plaintiff

---

[2] *Rael v. New York & Co., Inc.*, 2017 WL 3021019, at *4 (S.D. Cal. July 17, 2017) (*Rael II*); *Azimpour v. Sears*, No. 15-CV-2798 JLS, 2017 WL 1496255, at *8 (S.D. Cal. Apr. 26, 2017) (*Azimpour II*); *Dennis v. Ralph Lauren Corp.*, No. 16-cv-1056-WQH-BGS, 2017 WL 3732103, at *4 (S.D. Cal. Aug. 29, 2017) (*Dennis II*) (the amended complaint included "a chart detailing the particular items that were included in the investigation, the particular stores where those items were offered for sale, the advertised 'Our Price' price for each item, the advertised discount for each item, and the dates on which the prices were recorded and verified.")

included a survey showing that 90% of the retailer's consumers were deceived by its pricing, along with internal documents supporting his claim that the retailer made up its "Compare At" prices. Plaintiff's Complaint does not include survey evidence or internal documents to support her claims.[3]

All of these examples support Samsonite, not Plaintiff, because the amended complaints in those cases included factual allegations not present here. When stripped of the new factually detailed allegations, the courts in the same cases had found the plaintiffs' allegations insufficient. *Rael I*, 2016 WL 7655247 ("[Plaintiff] does not specify a single detail of his alleged investigation. The declaration is simply a restatement of the conclusory allegations that Plaintiff states in her SAC"); *Azimpour I*, 2016 WL 7626188, at *7 (S.D. Cal. Oct. 17, 2016) (granting motion to dismiss on Rule 9 grounds even though the complaint incorporated by reference a third-party study showing that Sears regularly sells items at a discount); *Dennis I*, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) ("The only store that Plaintiff specifically identifies in the counsel's investigation is the Ralph Lauren outlet store where Plaintiff purchased the girl's polo shirt."); *Jacobo I*, 2016 WL 3482041, at *3 (C.D. Cal. Feb. 23, 2016); *Branca I*, 2015 WL 1841231, at *6-7; *Dennis I*, 2016 WL 7387356. The courts' decisions granting motions to dismiss in *Rael I*, *Azimpour I*, *Dennis I*, *Jacobo I*, and *Branca I*—discussed at length in Samsonite's motion but ignored in Plaintiff's Opposition—are all far more relevant than the subsequent decisions in those cases. Plaintiff does not identify any factual allegations in her Complaint that would distinguish it from the many complaints that courts have deemed deficient. This Court should

---

[3] *See also Chester v. TJX Companies, Inc.,* 2016 WL 4414768, at *10-11 (C.D. Cal. Aug. 18, 2016) (citing retailer's pricing policy, which stated that its "Compare At" prices may not be actual prices, to infer that the defendant's pricing did not meet the plaintiffs' expectations); *Knapp v. Art.com, Inc.*, 2016 WL 3268995, at *1 (N.D. Cal. June 15, 2016) (plaintiff alleged that the promotion that led him to make his purchase "automatically renewed" "shortly after midnight.").

follow those decisions and grant Samsonite's motion to dismiss.[4]

## III. Additional Reasons This Court Should Dismiss Plaintiff's Complaint

### A. Plaintiff Fails to State a False Advertising Claim

Plaintiff fails to allege facts supporting her claim that Samsonite's pricing is false or deceptive, such that her FAL claim necessarily fails. Moreover, Plaintiff fails to allege facts that suggest that Samsonite knew or should have known that any statement was false. Cal. Bus. & Profs. Code §17500; *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1156, 1162 (N.D. Cal. 2011).

### B. Plaintiff Fails to State a Claim Under the CLRA

The law is clear that "the plaintiff" (not her lawyer or anyone else) must submit an affidavit. Cal. Civ. Code § 1780(d). Plaintiff's counsel cannot testify on Plaintiff's behalf that venue in this district is proper.[5] The cases cited by Plaintiff do not state otherwise.

### C. Plaintiff Fails to State a Claim for Unlawfulness or Unfairness

Since Plaintiffs do not allege any violation of the UCL, CLRA, or FAL, these statutes cannot support her unlawfulness claim. *See Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1206 (S.D. Cal. 2010) (an "unlawfulness" claim "stands and falls with the viability of Plaintiff's other claims.") The FTC's Pricing Guides are not the FTCA or any other law, do not provide a private right of action, and cannot prop up Plaintiff's unlawfulness claim. *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167, 2009 WL 4842801 *5 fn.1 (S.D.Cal. Dec. 14, 2009), *vacated on*

---

[4] In *Stathakos v. Columbia* and *Horosny v. Burlington Coat Factory*, the courts did not consider whether the plaintiffs adequately alleged how or why the advertisements were false. *Stathakos*, No. 15-cv-04543-YGR, 2016 WL 1730001, at *3 (N.D. Cal. May 2, 2016); *Horosny*, No. CV-15-05005 SJO(MRWx), 2015 WL 12532178, at *6 n.4 (C.D. Cal. Oct. 26, 2015).

[5] In *Rael I*, the same Plaintiff's counsel here was scolded by another court in this district for filing a declaration in which he "seemingly purport[ed] to be the fact and expert witness in this case" by testifying as to the location of the plaintiff's purchase. 2016 WL 7655247, at *7.

*other grounds* 466 F. App'x 613 (9th Cir. 2012).[6]

With regard to the "unfair" prong of the UCL, Plaintiff simply has not demonstrated the type of substantial consumer injury that is required to state a claim under this prong of the statute. *Daugherty v. Am. Honda Motor Co.*, 144 Cal.App.4th 824, 835 (2006) (a practice is "unfair" if injury is "substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided."). Plaintiffs have not pled any injury at all, much less the degree of injury required.

## IV. PLAINTIFF IS NOT ENTITLED TO THE RELIEF SHE SEEKS

### A. Plaintiff Has an Adequate Remedy at Law

Plaintiff's Opposition concedes that she will be seeking damages under the CLRA, and fails to point to any fact in the Complaint showing that these damages do not provide an adequate legal remedy. (Opp. at 20.)

It is well settled that "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Gomez v. Jelly Belly Candy Co.,* 17-cv-00575-CJC, 2017 WL 8941167, at *1-2 (C.D. Cal. Aug. 18, 2017) (quotation omitted). Here, "Plaintiff's allegations simply demonstrate that equitable remedies exist. Plaintiff fails to explain how damages are inadequate to compensate for [her] alleged harm." *Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *5-6 (N.D. Cal. Apr. 11, 2017)); *see also Prudential Home Mortg. v. Super. Ct. of Orange Cty.*, 66 Cal. App. 4th 1236, 1250 (1998) (rejecting at the pleadings stage the plaintiff's request for separate equitable relief under the UCL: "[W]e must assume the statutory remedies are adequate, thus precluding equitable

---

[6] The court's statement in *Rubenstein v. Neiman Marcus Group, LLC*, that "virtually any state, federal or local law can serve as the predicate for an action under the UCL" is dicta in an unpublished, non-precedential opinion, and does not stand for the proposition, much less hold, that the FTC Guides are a proper basis on which to premise a UCL claim. 687 F. App'x 564, 567 (9th Cir. 2017)

relief."). Plaintiff's arguments to the contrary do not move the needle.

***First***, Plaintiff argues that she is not required to allege that she lacks an adequate remedy at law, and that she should be permitted to pursue damages and equitable relief in the alternative. (Opp. at 20.) The former argument contradicts the well-established principle that "equitable relief is not appropriate where an adequate remedy exists at law," *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009), and the latter argument has been rejected by numerous courts. *See, e.g. Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff may entitle her to an adequate remedy at law, equitable relief is unavailable."); *Mullins*, 2018 WL 510139, at *2 ("the relevant test is whether an adequate damages remedy is available, not … whether she will be successful in that pursuit.").[7]

***Second***, Plaintiff argues that she should be permitted to seek injunctive relief in addition to damages because she is at risk of future harm. (Opp. at 20.) Plaintiff conflates her burden to establish standing with her separate burden to show that she lacks an adequate remedy.[8] Regardless, the Complaint does not claim that damages would not provide an adequate remedy. She cites Paragraph 34 of the Complaint, but this paragraph only says, "Plaintiff may in the future shop at Defendant Samsonite's retail stores." This vague statement is irrelevant as to whether damages would adequately redress the alleged continuing harm.

---

[7] *See also Adams v. I-Flow Corp.*, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010) ("Should plaintiffs ultimately prevail on their claims, they will be adequately compensated for their alleged injuries by an award of damages."); *Gardner v. Safeco Ins. Co. of Am.*, No. 14-cv-2024-JCS, 2014 WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing UCL claim because plaintiffs' "claims for breach of contract and breach of the implied covenant of good faith and fair dealing ***may*** provide an adequate remedy") (emphasis added).

[8] As discussed in the next section, Plaintiff has failed to establish any risk of future injury and thus lacks standing to seek injunctive relief.

***Third***, Plaintiff argues that the CLRA and UCL themselves support her ability to seek both legal and equitable relief, because the CLRA allows a plaintiff to recover both forms of relief and the UCL "does not preclude other avenues of relief." (Opp. at 21.) However, courts routinely dismiss claims for injunctive relief brought under the same consumer protection laws at issue here, where the plaintiff is also seeking damages. (*See* Mot. at 12-14.) The fact that a statute allows for equitable and legal relief does not mean the Plaintiff is entitled to both. *See Munning v. The Gap, Inc.*, 2017 WL 2377867, at *2 (N.D. Cal. June 1, 2017) (rejecting Plaintiff's same argument and noting that numerous courts have dismissed claims for equitable relief where the statute at issue allowed both legal and equitable relief). Additionally, the "cumulative" nature of remedies under the UCL "does not explicitly eliminate or undermine the requirement that equitable remedies are subject to fundamental equitable principles, including inadequacy of a legal remedy." *Mullins,* 2018 WL 510139, at 3-4 (rejecting argument that "traditional equitable requirements" were "eliminated" by UCL and CLRA).

### B. <u>Plaintiff Lacks Standing to Pursue Injunctive Relief</u>

Plaintiff's unspecified future harm does not confer standing. The Complaint contains no factual allegations of a threat of future harm, only that "Plaintiff may in the future shop at Defendant Samsonite's retail stores." (Compl. at ¶ 34.) This allegation is insufficient to establish Plaintiff's intent to purchase Samsonite's discounted products, and certainly does not establish that she is at risk of being harmed by this promotion in the future.

*Davidson v. Kimberly-Clark Corporation*, 873 F. 3d 1103, 1113 (9th Cir. 2017)(*amended on other grounds, Davidson v. Kimberly-Clark Corp.*, 889 F. 3d 956 (9th Cir.), cert denied, 139 S. Ct. 640, 202 L. Ed. 2d 492 (2018) does not compel a different outcome. There, the Ninth Circuit explained that injunctive relief is only appropriate where the plaintiff "adequately alleged that she faces an imminent or actual threat of future harm caused by [the defendant's] allegedly false

advertising." *Id*. at 1115. The plaintiff in *Davidson* alleged that Kimberly-Clark falsely advertised that its wipes were flushable, and that she "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes manufactured by [Kimberly-Clark] if it were possible"; "regularly visits stores . . . where [Kimberly-Clark's] 'flushable' wipes are sold"; and is continually presented with Kimberly-Clark's flushable wipes packaging but has "no way of determining whether the representation 'flushable' is in fact true." *Id.* at 1116. Based on all of these factual allegations, "[t]hough [it] recognized it is a close question," the Ninth Circuit found that the plaintiff had "adequately alleged that she faces an imminent or actual threat of future harm . . ." *Id*.

If the allegations in *Davidson* created a "close question," then Plaintiff's claims clearly fall short. *See also Peacock v. 21st Amendment Brewery Cafe, LLC*, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018) (claim for injunctive relief dismissed where plaintiff did not "imply any intent or desire" to purchase defendant's products in the future).

## V. **CONCLUSION**

For the foregoing reasons, Samsonite respectfully requests that the Court grant its motion to dismiss, without leave to amend.

DATED: September 5, 2019     STEPTOE & JOHNSON LLP

By:     /s/ *Stephanie Sheridan*
STEPHANIE A. SHERIDAN
ANTHONY J. ANSCOMBE
MEEGAN B. BROOKS
Attorneys for Defendant
SAMSONITE COMPANY STORES LLC