1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSONITE COMPANY STORES, LLC, an Indiana Limited Liability Company; and DOES 1–100, inclusive,<br><br>Defendants. | Case No.:  19-CV-639 JLS (MSB)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 8) |

Presently before the Court is Defendant Samsonite Company Stores, LLC's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 8), as well as Plaintiff Kristen Schertzer's Opposition to ("Opp'n," ECF No. 10) and Defendant's Reply in Support of ("Reply," ECF No. 11) the Motion.  The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 12.  Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1-3), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

1

## BACKGROUND

Defendant is a travel luggage retailer that sells products including luggage, business bags, backpacks, duffels, and travel accessories. Compl. ¶ 20. Defendant sells a variety of products from its own name brand in its own retail and outlet stores, as well as through various authorized retailers. *Id.* Defendant operates over 100 stores in the United States, including fourteen outlet stores in California. *Id.*

On October 18, 2018, Plaintiff visited Defendant's outlet store in Carlsbad, California. *Id.* ¶ 15. While there, she purchased a Samsonite On Air 3 Hardside Spinner 20" (the "Suitcase") for $167.99, exclusive of tax. *Id.* Defendant advertised the Suitcase as having an "OUR PRICE" of approximately $280.00, while in-store signage advertised the Suitcase as on sale ("Take 40% off OUR PRICE") and set forth a pricing chart advertising the Suitcase as having a regular "OUR PRICE" of $280.00 and a 40% sale price of $167.99. *Id.*

To Plaintiff's knowledge, however, the Suitcase was never offered for sale at the original "OUR PRICE" in Defendant's outlet store and had not been offered for sale at the advertised "OUR PRICE" within the 90-day period immediately preceding her purchase. *Id.* ¶ 16. Instead, Plaintiff alleges that Defendant "advertises all of its Samsonite branded products for sale by listing the merchandise with an 'OUR PRICE' price and a corresponding discounted 'Now' price," *id.* ¶ 2, which "trick[s] consumers into believing they are getting a significant deal by purchasing merchandise as a steep discount, when in reality, consumers are paying for merchandise at its regular retail price." *Id.* ¶ 3. Had Plaintiff known this, "she would not have purchased the suitcase or would have paid less for the item." *Id.* ¶ 17.

Plaintiff's counsel began investigating Defendant's pricing practices in the summer of 2018. *See id.* ¶ 29. This investigation "cataloged the pricing practices of Samsonite outlet stores in San Diego County, including at the Carlsbad Premium Outlets at 5620 Paseo Del Norte, Carlsbad, CA 92008 and the Las Americas Premium Outlets [at] 4265 Camino De La Plaza, San Diego, CA 92173." *Id.* ¶ 27. Plaintiff alleges that the

investigation revealed a "uniform and identical" use of the "false 'OUR PRICE' price and corresponding purported 'Now' price . . . at all stores investigated." *Id.* Specifically, "[o]n every occasion that Plaintiff's counsel catalogued Defendant's pricing[,] the Samsonite branded merchandise was discounted." *Id.* ¶ 29. Further, "[t]he fraudulent pricing scheme applies to all Samsonite branded products sold in every Samsonite retail outlet store, . . . includ[ing] the Suitcase purchased by Ms. Schertzer on October 18, 2018." *Id.* ¶ 28.

On February 27, 2019, Plaintiff filed a putative class action in the Superior Court of California, County of San Diego, on behalf of "[a]ll persons who, within the State of California, during the relevant statutory time period, purchased one or more products at a discount from the advertised 'OUR PRICE' price from a Samsonite outlet store and who have not received a refund or credit for their purchase(s)." *Id.* ¶ 37. Seeking "damages, restitution, and other appropriate relief" and "reasonable attorneys' fees," *see id.* ¶¶ 10–11, Plaintiff alleged three causes of action for violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq. See generally id.* ¶¶ 46–73.

On April 3, 2019, Defendant removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See generally* ECF No. 1. Defendant filed the instant Motion on June 10, 2019. *See generally* ECF No. 8.

## LEGAL STANDARDS

### I.    Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and, as such, have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221,

1225 (9th Cir. 1989)).  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *Id.* (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990)).  Because the issue of standing pertains to the subject-matter jurisdiction of a federal court, motions raising lack of standing are properly brought under Federal Rule of Civil Procedure 12(b)(1).  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## II.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a

sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id*. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*.

Claims that allege fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that particularity requires plaintiff to allege the "who, what, when, where, and how" of the alleged fraudulent conduct).

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendant seeks dismissal of each of Plaintiff's claims with prejudice for failure to state a claim, *see* Mot. at 3–11, 16, and that Plaintiff's CLRA claim must be dismissed for failure to satisfy the affidavit requirement. *See id.* at 11. Defendant further contends that Plaintiff is precluded from seeking equitable relief, *see id.* at 12–14, and that she lacks standing to seek injunctive relief. *See id.* at 14–16.

/ / /

## I.     Failure to State a Claim

### A.     *Failure to Allege False or Misleading Pricing*

Defendant first argues that each of Plaintiff's claims under the UCL, FAL, and CLRA must be dismissed because Plaintiff has failed adequately to allege that Defendant's pricing is misleading under Rule 9(b)'s heightened pleading standards.[1]  *See* Mot. at 4–8. Noting that "Plaintiff's allegations as to the On Air 3 suitcase she purchased are based entirely on 'information and belief[,]'" Defendant contends that her "allegations are insufficient under the well-established law that 'a plaintiff who makes allegations on information and belief must state the factual basis for the belief.'"  *Id.* at 7 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)) (citing *United States ex rel. Bogina III v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016); *Hass v. Citizens of Humanity, LLC*, 14-CV-1404 JLS (WVG), 2016 WL 7097870, at *4 (S.D. Cal. Dec. 6, 2016)). Further, "Plaintiff does not offer any facts concerning her counsel's alleged 'investigation' to support her claim that Samsonite's outlet pricing is false."  *Id.*

Plaintiff counters that her allegations suffice under Rule 9(b) and Ninth Circuit precedent.  *See* Opp'n at 5–11.  Relying on the Ninth Circuit's decision in *Nunez v. Saks Inc.*, 771 Fed. App'x 401 (9th Cir. 2019), Plaintiff urges that she "has sufficiently alleged the who, what, when, where, and how of the alleged fraudulent conduct," Opp'n at 6 (citing Compl. ¶ 15), and that it "is the norm" in putative class actions alleging deceptive pricing to bring suit on the basis of the "singular purchase experience of named plaintiffs."  *Id.* at

---

[1] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," Cal. Bus. & Prof. Code § 17200, while the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices," Cal. Civ. Code § 1770, including "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions," Cal. Civ. Code § 1770(a)(13), and the FAL the advertising of a price "as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately proceeding the publication of the advertisement."  Cal. Bus. & Prof. Code § 17501. Consequently, "to assert a claim under any of these statutes, Plaintiff must plead facts showing that Defendant's pricing scheme in question is false or misleading to a reasonable consumer."  *Rael v. Dooney & Bourke, Inc.* ("*Rael v. D&B*"), No. 16CV0371 JM(DHB), 2016 WL 3952219, at *2 (S.D. Cal. July 22, 2016) (citing *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).

19-CV-639 JLS (MSB)

10. Plaintiff adds that she "is not required to plead that *any* pre-suit investigation was conducted," *id.* at 9, and that "[a]llegations regarding Plaintiff's counsel's investigation further confirm and support Plaintiff's claims that Samsonite is entrenched in this deceptive practice." *Id.* at 8. In any event, "allegations similar to Plaintiff's allegations regarding her counsel's investigation of Samsonite's fraudulent sale discounting practices have repeatedly been approved by various courts." *Id.* (citing *Chase v. Hobby* Lobby, No. 17-cv-881-GPC-BLM, 2017 WL 4358146, at *4 & n.3 (S.D. Cal. Oct. 2, 2017); *Dennis v. Ralph Lauren Corp.*, No. 16cv1056-WQH-BGS, at *5 (S.D. Cal. Aug. 29, 2017); *Rael v. N.Y. & Co.* ("*Rael v. NY&C II*"), No. 16-cv-369-BAS (JMA), 2017 WL 3021019, at *4 (S.D. Cal. July 17, 2017); *Azimpour v. Sears, Roebuck & Co.*, No. 15-cv-2798, 2017 WL 1496255, at *8 (S.D. Cal. Apr. 26, 2017)).

Defendant rejoins that "'[n]otice is not the standard" under Rule 9(b), Reply at 1 (citing *Yourish v. Cal. Amplifier*, 181 F.3d 983, 994 (9th Cir. 1999); *Ackerman v. N.W. Mut. Life Ins.*, 172 F.3d 467, 469 (7th Cir. 1999)), and that Plaintiff has failed to "plead evidentiary facts giving rise to an inference that the allegedly fraudulent statements were false when made." *Id.* at 2 (citing *In re Syntex Corp.*, 95 F.3d 922, 930 (9th Cir. 1996); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549–53 (9th Cir. 1994)). To the extent Plaintiff claims that she need not provide further details because the facts relating to Defendant's pricing policies and practices are in Defendant's exclusive control, "[p]rices and promotions are public information," *id.* at 3, and "[t]his Court need not and should not trust Plaintiff's say-so that her counsel's investigation supports her conclusory allegations." *Id.* Finally, Defendant contends that the cases Plaintiff cites are distinguishable. *See id.* at 3–6.

The allegations in Plaintiff's Complaint concerning the misleading nature of Defendant's pricing, like those in the cases cited by Defendant, are insufficient to meet Rule 9(b)'s heightened pleading standard. *Rael v. New York & Company* ("*Rael v. NY&C I*"), No. 16-cv-360-BAS(JMA), 2016 WL 7655247 (S.D. Cal. Dec. 28, 2016), is instructive. In *Rael v. NY&C I*, the plaintiff alleged that she had purchased shoes for

$16.17—advertised as being 70% off the "Market" price of $49.94—at the defendant's retail store in an outlet mall. *Id.* at *1. She claimed that the pricing was false and misleading because the $49.94 price had not been the prevailing retail price for the shoes during the three months immediately prior to her purchase. *Id.* at *2. Further, she would not have purchased the shoes absent these misrepresentations. *Id.* The Honorable Cynthia Bashant concluded that the plaintiff failed to meet Rule 9(b)'s pleading standards because she did "not provide any facts that demonstrate why or how the original retail price of $49.94 [wa]s false" beyond her allegation that the shoes she had purchased were not sold at the $49.94 price in the three months before her purchase. *Id.* at *6. This is the same theory—and the same allegations—advanced by Plaintiff here. *See, e.g.*, Compl. ¶ 16 ("Upon information and belief, the Suitcase, however, was never offered for sale at its original 'OUR PRICE' in Defendant's outlet stores, nor was it offered for sale at its advertised 'OUR PRICE' within the 90-day period immediately preceding Plaintiff Schertzer's purchase anywhere in the relevant market.").

Plaintiff contends that *Rael v. NY&C I* is "outdated" because the court later denied a motion to dismiss the subsequently amended complaint, concluding that those allegations were sufficient to meet Rule 9(b)'s heightened pleading standard, *see* Opp'n at 8 & n.1 (citing *Rael v. NY&C II*, 2017 WL 3021019, at *4), but *Rael v. NY&C II* further supports the Court's conclusion that Plaintiff's allegations here fail to state a claim. In *Rael v NY&C II*, the further amended complaint appended a list "of the products Plaintiff's [counsel] investigated and determined to be continuously discounted from their 'regular price' for 90 or more days in the retail stores[.]" *Id.* at *1 (second alteration in original). The plaintiff further alleged that the pricing suggested that the merchandise sold in the outlet stores was discounted from the retail store (whereas the defendants actually manufactured and sold a completely different line of clothing in the retail stores) and that the "OUR PRICE" suggested that the item was sold at that price in the retail stores (whereas it never was). *See id.* at *2. Accepting as true the plaintiff's allegation that the shoes she had "purchased had been continuously, substantially discounted for at least several months according to

1   Plaintiff's counsel's investigation, and possibl[y] longer," the court concluded that the

2   plaintiff's amended representations were sufficient to satisfy Rule 9(b).  *See id.* at *4.

3        The allegations here are much more similar to those in *Rael v. NY&C I* than those

4   contained in *Rael v. NY&C II*.  As in *Rael v. NY&C I*, Plaintiff alleges, without alleging

5   any supporting facts, her belief that the product she purchased had not been offered at the

6   "retail" price in the 90-day preceding her purchase.  *Compare* Compl. ¶ 16, *with Rael v.*

7   *NY&C I*, 2016 WL 7655247 at *6; *Rael v. D&B*, 2016 WL 3952219, at *4 ("If Plaintiff's

8   contention is that it is generally illegal to move an item from a retail store to an outlet store

9   and mark it as reduced compared to the retail price, Plaintiff has provided no legal authority

10  to support it.  If, on the other hand, Plaintiff's argument is more specific to Defendant's

11  own outlet pricing scheme, the complaint contains no facts to illustrate how the pricing

12  scheme is false or misleading.").  Further, in its current incarnation, Plaintiff's Complaint

13  lacks the additional allegations that prompted Judge Bashant to let the claims in *Rael v.*

14  *NY&C II* advance.  For example, Plaintiff does not allege in this case that her counsel's

15  investigation revealed that the very Suitcase she purchased had not been sold at the "OUR

16  PRICE" price in the 90 days preceding her purchase, *compare* Compl. ¶¶ 26–29, *with Rael*

17  *v. NY&C II*, 2017 WL 3021019, at *4, nor does she detail any of the prices catalogued by

18  her counsel.  *Compare* Compl. ¶ 27, *with Rael v. NY&C II*, 2017 WL 3021019, at *2, *4.

19  She also does not allege that the products offered for sale at Defendant's outlet stores were

20  products not originally offered for sale in Defendant's retail stores or through Defendant's

21  authorized retailers.  *Compare* Compl. ¶¶ 20–25, *with Rael v. NY&C II*, 2017 WL 3021019,

22  at *2.  Consequently, as currently pled, Plaintiff's allegations fall short of Rule 9(b)'s

23  heightened pleading standard.

24       The Court therefore concludes that Plaintiff's Complaint fails to allege facts

25  sufficient to illustrate how Defendant's "OUR PRICE" and "Now" pricing is false or

26  misleading as required under Rule 9(b) for each of Plaintiff's causes of action.  *See, e.g.*,

27  *Rael v. NY&C I*, 2016 WL 7655247, at *6; *Rael v. D&B*, 2016 WL 3952219, at *3.  The

28  / / /

Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint in its entirety. *See Rael v. D&B*, 2016 WL 3952219, at *5.

### B.    Additional Deficiencies[2]

In addition to Plaintiff's failure to allege a misleading price campaign, *see supra* Section I, Defendant also urges that each of Plaintiff's claims must fail for additional reasons.

#### 1.    Plaintiff's Claim Under the FAL

Defendant contends that, "[b]ecause Plaintiff fails to allege facts supporting her claim that Samsonite's pricing is deceptive, there is no basis to infer Samsonite had knowledge of any false statement allegedly made to Plaintiff." Mot. at 8–9. Plaintiff counters that she "clearly alleges that Defendant knew or should have known that its use of false 'reference' prices is untrue and misleading" and that "Defendant engages in this fraudulent pricing scheme with the intent of luring consumers into purported bargain purchases." Opp'n at 13 (citing Compl. ¶¶ 8, 35).

Because the Court concludes that Plaintiff failed to allege deceptive pricing, *see supra* Section I.A, the Court necessarily concludes that Plaintiff has failed to allege that Defendant had knowledge that its pricing was misleading. The Court therefore **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's FAL claim.

#### 2.    Plaintiff's Claim Under the UCL

Plaintiff alleges a claim under each prong of the UCL: the "unfair" prong, *see* Compl. ¶¶ 49–51; the "fraudulent" prong, *see id.* ¶¶ 52–53; and the "unlawful" prong. *See id.* ¶¶ 54–62. Defendant raises additional challenges only to Plaintiff's "unfair" and "unlawful" prong claims.[3] *See* Mot. at 9–11.

---

[2] Because Plaintiff's failure adequately to allege that Defendant's pricing scheme is misleading is fatal to each of her three causes of action, the Court need not address the Parties' remaining arguments. Nonetheless, the Court briefly analyzes Defendant's other challenges.

[3] In her Opposition, Plaintiff claims that "Defendant does not challenge Plaintiff's claim under the 'fraudulent' prong." Opp'n at 14 n.2. Although Defendant has not raised any *additional* arguments for

### a.    Unfair Prong

To determine whether conduct is "unfair" for purposes of the UCL, courts apply one of two tests: the balancing test, *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th (1999), or the tethering test, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999). Defendant contends that "[t]he Complaint fails to allege any violation of the UCL's 'unfairness' prong, regardless of which standard this Court applies." Mot. at 9. Plaintiff counters that she "sufficiently pleads that Defendant's conduct is unfair under both tests." Opp'n at 16. On reply, Defendant adds that "Plaintiff simply has not demonstrated the type of substantial consumer injury that is required to state a claim under th[e unfair] prong of the statute." Reply at 7 (citing *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)).

### i.    The Balancing Test

Under the balancing test, "an 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *S. Bay Chevrolet*, 72 Cal. App. 4th at 886–87 (quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984)). In applying this test, the Court must weigh the practice's "impact on its alleged victim, balanced against the reasons, justifications[,] and motives of the alleged wrongdoer." *Id.* at 886 (quoting *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1103–04 (1996), *abrogated by Cel-Tech*, 20 Cal. 4th 163). "In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.* (quoting *State Farm Fire & Cas. Co.*, 45 Cal. App. 4th at 1104).

Defendant contends that "a balancing of Samsonite's alleged conduct here (lawfully advertising and selling a product on sale) against the 'gravity of the harm to the alleged victim' (Plaintiff's desire to sue based on her belief she was swindled), results in the

_____

dismissal of Plaintiff's "fraudulent" prong claim, Plaintiff's failure to allege a misleading pricing scheme requires dismissal of her UCL claim. *See supra* Section I.A.

balance tipping strongly against Plaintiff." Mot. at 9 (citing *State Farm*, 45 Cal. App. 4th at 1103–04). Further, "Plaintiff has not alleged any conduct by Samsonite that 'offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (quoting *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 939 (2003)). Plaintiff responds that "the harm to consumers [as a result of Defendant's deceptive pricing] outweighs any purported utility of such pricing practices," Opp'n at 16–17 (citing Compl. ¶ 51), and "there can be no countervailing benefit to a deceptive pricing scheme (other than to Defendant), and there is no way for consumers to avoid the scheme because only Defendant is aware of its true pricing structure." *Id.* at 17 (footnote omitted).

Because the Court concludes that Plaintiff has failed adequately to allege an unfair practice, *see supra* Section I.A, the Court necessarily concludes that Plaintiff has failed to state a claim for violation of the UCL's "unfair" prong under the balancing test. *See, e.g.*, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012) (affirming dismissal of "unfair" prong UCL claim under balancing test where "nothing in the FAC supports the conclusion that the advertisements were against public policy, immoral, unethical, oppressive, or unscrupulous"); *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *12 (N.D. Cal. Aug. 20, 2015) (dismissing under the balancing test "unfair prong of the UCL claim suffer[ing] from the same defect as the FAL and CLRA causes of action).

### ii.    The Tethering Test

Pursuant to the tethering test, "unfairness . . . under section 17200 [must] be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 186–87. Defendant contends that "[t]he Complaint does not identify any activity that 'significantly threatens or harms competition' or that violates a legislatively declared policy." Mot. at 9 (citing *Cel-Tech*, 20 Cal. 4th at 187). Plaintiff responds that Defendant's "misleading and deceptive price

/ / /

comparisons undoubtedly offend an established public policy of transparency in pricing." Opp'n at 17 (citing Compl. ¶ 50).

Again, because the Court concludes that Plaintiff has failed adequately to allege a misleading pricing practice, *see supra* Section I.A, the Court necessarily concludes that Plaintiff has failed to state a claim for violation of the UCL's "unfair" prong under the tethering test. *See Davis*, 691 F.3d at 1170 (affirming dismissal of "unfair" prong UCL claim under tethering test where "[the plaintiff] advances no factual allegations to support the claim that the omission . . . in [the defendant]'s advertisements threatens to violated the letter, policy, or spirit of the antitrust laws, or that it harms competition").

The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's "unfair" prong UCL claim under both the balancing and the tethering tests.

### b.    Unlawful Prong

Defendant notes that "Plaintiff purports to base her 'unlawfulness' claim on: (1) Section 17501 of the FAL; (2) Section 1770 of the CLRA; and (3) certain portions of the Federal Trade Commission's (FTC) *Guides Against Deceptive Pricing* ("Guides")." Mot. at 9.  Defendant contends that Plaintiff fails to state an unlawful prong UCL claim under any of these theories. *See id.* at 10–11.

### i.    FAL and CLRA

To the extent it is predicated on violations of the FAL or CLRA, Defendant argues that Plaintiff's unlawful prong claim must fail for the same reasons as her FAL and CLRA claims. *See* Mot. at 9–10.  Plaintiff responds that she has alleged violations of the CLRA and Sections 17500 and 17501 of the FAL, which are predicate actions under the UCL. *See* Opp'n at 14.  Accordingly, "there can be no doubt that Plaintiff . . . adequately alleges a claim under the 'unlawful' prong of the UCL." *Id.* at 14–15 (citing *Rael II*, 2017 WL 3021019, at *5; *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1116–17 (S.D. Cal. 2011)).

Because the Court concludes that Plaintiff has failed to state a claim for violation of the FAL or CLRA, *see supra* Sections I.A, I.B.1–2, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's "unlawful" prong UCL claim to the extent it is

predicated on such violations.  *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

ii.    FTCA and FTC Guides

Defendant argues that Plaintiff cannot use the UCL to "engineer" a cause of action based on violation of the Federal Trade Commission Act ("FTCA"), under which there is no private right of action.  *See* Mot. at 10 (citing *O'Donnell v. Bank of Am. N.A.*, 504 Fed. App'x 566, 568 (9th Cir. 2013); *Sperling v. DSW Inc.*, No. EDCV 15-1366, 2016 WL 354319, at *2 n.3 (C.D. Cal. Jan. 28, 2016); *Summit Tech., Inc. v. High-Line Med. Inst. Co.*, 922 F. Supp. 299, 316 (C.D. Cal. 1996)).  In any event, "Plaintiff cannot state a claim based on [an] alleged FTCA violation because she has not alleged any deceptive conduct." *Id.*  And to the extent Plaintiff relies on the FTC's Guides, "[t]hey are not even laws," *id.*, and therefore "'cannot be 'borrowed' under the UCL' and used as a predicate for the unlawful prong." *Id.* at 10–11 (quoting *Laster v. T-Mobile USA, Inc.*, No. 05-cv-1167, 2009 WL 4842801, at *5 n.1 (S.D. Cal. Dec. 14, 2009), *vacated on other grounds*, 466 Fed. App'x 613 (9th Cir. 2012)).  "Regardless, Plaintiff does not allege any facts to suggest that Samsonite's practices do not comport with the guides." *Id.* at 11.

Plaintiff responds that "Defendant's violation of the FTCA constitutes unfair competition under the UCL." Opp'n at 15 (citing *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1475 (2006)).  Further, "Plaintiff adequately alleges that Defendant's fraudulent pricing practice violates the FTCA guidelines (15 U.S.C. §§ 45(a)(1), 52(a))," *id.*, and "an alleged violation of the FTCA guidelines may serve as a predicate for an action under the 'unlawful' prong of the UCL." *Id.* at 16 (citing *Rubenstein v. Neiman Marcus Grp. LLC*, 687 Fed. App'x 564, 567 (9th Cir. 2017)).

The Parties cite conflicting, nonpublished Ninth Circuit cases concerning whether Plaintiff may bring a claim under the "unlawful" prong of the UCL predicated on a violation of the FTCA and the FTC guides.  *Compare* Mot. at 10 (citing *O'Donnell*, 504 Fed. App'x at 568), *with* Opp'n at 16 (citing *Rubenstein*, 687 Fed. App'x at 567).  The Court concludes it need not resolve this apparent conflict at this stage, however, because—

14

even assuming that Plaintiff can bring an "unlawful" prong UCL claim premised on a violation of the FTCA or the FTC guides—she has failed to allege such violations here.

Plaintiff relies on sections of FTCA that "prohibit[] 'unfair or deceptive acts or practices in or affecting commerce' . . . and prohibit[] the dissemination of any false advertisements." Compl. ¶ 55 (citing 15 U.S.C. §§ 45(a)(1), 52(a)).  She also relies on a portion of the FTC guides advising that, "[i]f . . . the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling a the subsequent offer of a large reduction—the 'bargain' being advertised is a false one; the purchaser is not receiving the unusual value he expects." *Id.* (quoting 16 C.F.R. § 223.1(a)).  Because the Court has concluded that Plaintiff fails to allege the falsity of Defendant's outlet pricing, *see supra* Section I.A, the Court also concludes that Plaintiff has failed to allege a violation of the FTCA or FTC guides and, consequently, has failed to allege an "unlawful" UCL claim based on such violations.  *See, e.g.*, *Sperling v. Stein Mart, Inc.*, 291 F. Supp. 3d 1076, 1087 (C.D. Cal. 2018) (granting summary judgment as to UCL "unlawful" prong claim premised on violations of the FTC guides where, "[h]aving held that [the defendant] did not engage in a deceptive practice, adopting Plaintiffs' position would place liability on [the defendant] even though the harm the FTC Pricing Guides seek to prevent did not actually occur").  The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's "unlawful" prong UCL claim to the extent it is predicated on violations of the FTCA or FTC guides.

### 3.    *Plaintiff's Claim Under the CLRA*

Defendant urges that "Plaintiff's CLRA claim is barred because Plaintiff has failed to satisfy the affidavit requirement imposed by Section 1780(d)" by submitting an affidavit signed by her counsel instead of by Plaintiff herself.  *See* Mot. at 11.  Plaintiff counters that "[w]here, as here, the purpose of the affidavit of proper venue rule is satisfied and where a defendant cannot contest that venue is proper, dismissal of a plaintiff's CLRA claim is inappropriate." Opp'n at 18 (citing *Seifi v. Mercedes-Benz USA, LLC*, No. C12-5493 TEH, 2013 WL 2285339, at *8 (N.D. Cal. May 23, 2013)).  On reply, Defendant reiterates that

"Plaintiff's counsel cannot testify on Plaintiff's behalf that venue in this district is proper" and that "[t]he cases cited by Plaintiff do not state otherwise."  Reply at 6 & n.5 (citing *Rael v. NY&C I*, 2016 WL 7655247, at *7 n.2).

Defendant is correct that Plaintiff has not strictly complied with the Section 1780(d) affidavit requirement and that Plaintiff's counsel should exercise caution in "seemingly purport[ing] to be the fact . . . witness in this case."  *See* Reply at 6 & n.5 (quoting *Rael v. NY&C I*, 2016 WL 7655247, at *7).  Nonetheless, the Court is not convinced that this procedural requirement applies in federal court, *see, e.g.*, *Sandoval v. PharmaCare US, Inc.*, 145 F. Supp. 3d 986, 999 (S.D. Cal. 2015), and, even if it does, Defendant does not contest venue and Plaintiff's counsel's affidavit appears to satisfy the purpose of the rule. *See, e.g.*, *In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1037 (N.D. Cal. 2012) (citing *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1178 (S.D. Cal. 2010)).  The Court therefore **DENIES** Defendant's Motion to the extent it seeks dismissal of Plaintiff's CLRA claim for failure to comply with the Section 1780(d) affidavit requirement.

## II.    Plaintiff's Entitlement to Equitable Relief[4]

Plaintiff seeks restitution and injunctive relief under the UCL and FAL and injunctive relief under the CLRA.[5]  *See* Compl. ¶¶ 62, 69, 73; *see also* Mot. at 12. Defendant urges that "Plaintiff's claim for equitable relief must be dismissed," Mot. at 12, because Plaintiff has not alleged that she lacks an adequate remedy at law, *see id.* at 12–14, and Plaintiff lacks standing to seek injunctive relief.  *See id.* at 14–16.

/ / /

---

[4] Again, although the Court need not address the Parties' remaining arguments concerning Plaintiff's entitlement to equitable relief, the Court briefly analyzes these challenges.

[5] Although Plaintiff alleges that she is "only seek[ing] injunctive relief" under the CLRA "at this time," *see* Compl. ¶ 73, she elsewhere claims that she "seeks to obtain damages," *see id.* ¶ 10, and that she "will move to amend her complaint to pursue claims for actual, punitive, and statutory damages, as appropriate." *See id.* ¶ 73.  Because only equitable remedies are available under the UCL and FAL, *see, e.g.*, *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009), Plaintiff may only seek damages for her claim under the CLRA.  *See, e.g.*, *Gomez v. Jelly Belly Candy Co.*, No. EDCV1700575CJCFFM, 2017 WL 8941167, at *1 (C.D. Cal. Aug. 18, 2017) (citing Cal. Civ. Code § 1780(a)).

### A.    Availability of an Adequate Remedy at Law

Defendant first contends that "Plaintiff's claims for injunctive relief and restitution must be dismissed[] because Plaintiff has made clear she plans to pursue 'actual, punitive, and statutory damages' under the CLRA." Mot. at 12 (quoting Compl. ¶ 73). Her "intent to pursue CLRA damages prevents her from establishing there is no adequate remedy at law available to her," which is a requirement to obtain equitable relief. *See id.* (citing *Gomez*, 2017 WL 8941167, at *1–2; *Philips v. Ford Motor Co.*, No. 14-CV-02989-JHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015), *aff'd*, 726 Fed. App'x 608 (9th Cir. 2018)). Indeed, "numerous district courts have dismissed, at the pleading stage, claims for restitution and injunctive relief under the UCL (in addition to the FAL and CLRA) where the plaintiff is seeking or could seek damages." *Id.* at 13 (citing *Copelan v. Infinity Ins. Co.*, 359 F. Supp. 3d 926, 930 (C.D. Cal. 2019)).

Plaintiff responds that she "is entitled to plead equitable relief in the alternative and is not required to unequivocally demonstrate that she lacks an adequate remedy at law at the pleading stage." Opp'n at 20 (citing *Adkins v. Comcast Corp.*, No. 16-cv-05969-VC, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017); *Vicuna v. Alexia Foods, Inc.*, No. C 11-6119 PJH, 2012 WL 1497507, at *3 (N.D. Cal. Apr. 27, 2013)). "In any event, Plaintiff sufficiently alleges the necessity for equitable relief where an award of damages alone would not rectify the harm" because "injunctive relief to halt Defendant's fraudulent advertising is necessary to redress the future risk of the same harm." *Id.* (citing Compl. ¶ 34; *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017);[6] *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. Nov. 27, 2012)). Finally, "the CLRA allows a plaintiff to recover both monetary damages and equitable relief," *id.* at 21 (citing *Gonzales v. Car Max Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017)), and "the UCL on its face makes it plain that resort to its remedies does not preclude other

---

[6] The version of *Davidson* on which Plaintiff relies was subsequently amended and superseded on denial of rehearing en banc. *See* 889 F.3d 956 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018).

avenues of relief." *Id.* (quoting *Cabrales v. Castle & Cookie Mortg., LLC*, No. 1:14-cv-01138-MCE-JLT, 2015 WL 3731552, at *4 (E.D. Cal. June 12, 2015)) (citing Cal. Bus. & Prof. Code § 17205).

Defendant rejoins that Plaintiff's argument that she should be permitted to pursue damages and equitable relief in the alternative "has been rejected by numerous courts." Reply at 8 (citing *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011)). As for Plaintiff's argument that she should be permitted to seek injunctive relief in addition to damages because she is at risk of future harm, "the Complaint does not claim that damages would not provide an adequate remedy." *Id.* Finally, "[t]he fact that a statute allows for equitable and legal relief does not mean that Plaintiff is entitled to both." *Id.* at 9 (citing *Munning v. Gap, Inc.*, No. 16-cv-03804-TEH, 2017 WL 2377867, at *2 (N.D. Cal. June 1, 2017)).

Within the Ninth Circuit, "[d]istrict courts are split on whether a plaintiff's claims for equitable relief should be dismissed at the pleading stage." *Safransky v. Fossil Grp., Inc.*, No. 17CV1865-MMA (NLS), 2018 WL 1726620, at *14 (S.D. Cal. Apr. 9, 2018) (citing *Covell v. Nine W. Holdings, Inc.*, No. 3:17-cv-01371-H-JLB, 2018 WL 558976, at *8 (S.D. Cal. Jan. 15, 2018); *Munning*, 238 F. Supp. 3d at 1204). In the absence of controlling Ninth Circuit authority, the Court concludes that Plaintiff's line of cases reflects the prevailing view within this District and better comports with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency."); *Safransky*, 2018 WL 1726620, at *15 (declining to dismiss claims for equitable relief at the pleading stage); *Covell*, 2018 WL 558976, at *8 (same). That said, Plaintiff has failed to allege that she and members of the putative class will be irreparably harmed or denied an adequate remedy at law in the absence of equitable relief. *Cf. Covell*, 2018 WL 558976, at *8. The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's claims for equitable relief for failure adequately to plead that there exists no adequate remedy at law.

### B.    Standing

Defendant also argues that Plaintiff's claim for injunctive relief must be dismissed because she lacks standing.  *See* Mot. at 14.  Defendant contends that "[t]he Ninth Circuit has repeatedly found a plaintiff lacks standing to seek injunctive relief in a false advertising case if she is not at risk of being injured by the advertisement in the future," *id.* at 15 (citing *Davidson*, 889 F.3d at 971; *Luman v. Theismann*, 647 Fed. App'x 804, 806–07 (9th Cir. 2016); *Perez v. Nidek Co.*, 711 F.3d 1109, 1114 (9th Cir. 2013)), and "Plaintiff does not allege any intent to shop at Samsonite outlet stores in the future," *id.* (citing *Luman*, 647 Fed. App'x at 806–07; *Rael II*, 2016 WL 7655247, at *3–4), because "[h]er vague allegation that she 'may in the future shop at Defendant's Samsonite outlet store' is insufficient."  *Id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 803 (N.D. Cal. 2019); *T.K. v. Adobe Sys. Inc.*, 17-CV-04595-LHK, 2018 WL 4003313, at *4 (N.D. Cal. Aug. 22, 2018)).  Further, "[n]ow that she purports to know the truth about Samsonite's pricing, she apparently will not buy items such as a suitcase from Samsonite outlets in the future, and is thus not at risk of being injured by the outlet pricing."  *Id.* at 16 (citing *Rahman v. Mott's LLP*, No. 13-CV-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018); *Fernandez v. Atkins Nutritionals, Inc.*, No. 3:17-CV-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018)).

Plaintiff responds that "a consumer's inability to rely in the future upon a representation is an injury sufficient to confer Article III standing to seek injunctive relief." Opp'n at 18–19 (citing *Davidson*, 873 F.3d at 1113).  Further, Plaintiff has alleged that she "is at risk of being harm by Defendant's deceptive pricing advertisements in the future" because she "clearly alleges that '[she] would not have made such purchase but for Defendant's representations of fabricated 'OUR PRICE' prices and false discounts.'"  *Id.* at 19 (quoting Compl. ¶ 34).  Defendant rejoins that "[t]his allegation is insufficient to establish Plaintiff's intent to purchase Samsonite's discounted products, and certainly does not establish that she is at risk of being harmed by this promotion in the future."  Reply at 9.

Here, Plaintiff alleges that she "may in the future shop at Defendant's Samsonite outlet store." *See* Compl. ¶ 34. The Court agrees with Defendant that this allegation does not suffice to establish standing to seek injunctive relief, which requires Plaintiff to "show 'a sufficient likelihood that [s]he will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Plaintiff does not allege that she regularly shops at Defendant's outlets, nor does she express any desire actually to *purchase* another of Defendant's products at ones of its outlet stores. *Cf. id.* at 970–71 (concluding that the plaintiff adequately had alleged standing to pursue injunctive relief where she "continue[d] to desire to purchase [flushable] wipes," "would purchase truly flushable wipes manufactured by [the defendant]," "regularly visit[ed] stores . . . where [the defendant's] 'flushable' wipes [we]re sold," and "[wa]s continually presented with [the defendant]'s flushable wipes packaging but ha[d] 'no way of determining whether the representation 'flushable' is in fact true"). Consequently, even though "a previously deceived plaintiff *may* have standing to seek injunctive relief," *see id.* at 970 (emphasis added), Plaintiff's allegations here fail to cross the line from an insufficient "*possible* future injury" to an actionable "*certainly* impending" injury. *See Clapper*, 568 U.S. at 409 (emphasis in original). The Court therefore **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's claims for injunctive relief for lack of standing. *See, e.g.*, *Sciacca*, 362 F. Supp. 3d at 803; *Peacock v. 21st Amendment Brewery Cafe, LLC*, No. 17-CV-01918-JST, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018).

## III. Leave to Amend

Plaintiff requests that, "if this Court believes Plaintiff has failed to state a claim, her complaint should be dismissed without prejudice and with leave to amend." Opp'n at 22. Plaintiff notes that "Defendant sets forth no valid reason to deny Plaintiff leave to amend . . . *and does not even attempt to argue that amendment would be futile*." *Id.* (emphasis in original). Although Defendant reiterates in its Reply its request that dismissal be without leave to amend, it fails explicitly to address the futility of future amendments. *See* Reply at 10.

Because the Court concludes that amendment would not be futile, the Court **GRANTS** Plaintiff leave to amend. *See, e.g.*, *Rael v. NY&C I*, 2016 WL 7655247, at *7–8.

## CONCLUSION

In light of the foregoing, the Court **GRANT** Defendant's Motion (ECF No. 8) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint in its entirety (ECF No. 1-3). Plaintiff **MAY FILE** an amended complaint addressing the above-enumerated deficiencies within twenty-one (21) days of the electronic docketing of this Order. *Should Plaintiff fail to file an amended complaint in this time, her Complaint shall remain dismissed without prejudice and her case shall remain closed without further action of the Court.*

**IT IS SO ORDERED.**

Dated:  February 25, 2020

Hon. Janis L. Sammartino
United States District Judge

19-CV-639 JLS (MSB)